Z. W. KEYES v. D. FENSTERMAKER AND COREL HOWK.

NOTE—WHEN PAYABLE.—When no day or time of payment is specified in a promissory note, it is to be considered as payable on demand.

INDORSER—LIABILITY OF.—In order to charge an indorser of a note payable on demand, presentment must be made within a reasonable time, and what is a reasonable time depends upon the facts of each particular case.

INDORSER—CONTRACT OF.—The contract of the indorser of such note is, that the maker will pay the note upon a demand made within a reasonable time, and that in the event of his failure to do so the indorser will pay it.

INDORSER—PROOF NECESSARY TO CHARGE.—In order to charge the indorser of such note, the burden is cast upon the holder of proving that the demand of payment was made within a reasonable time, and if any delay has occurred in making the demand, the holder must prove the circumstances excusing the delay.

INDORSER—NOTICE TO.—When demand of the payment of such note is made upon the maker, and the note is dishonored, notice of demand and non-payment must be given to the indorser within the same time which is required in the case of a note or bill made payable at a particular day.

SAME.—At common law, notice of dishonor must be given the indorser on the day following the demand, unless some good reason exists for not doing so.

PROMISE BY INDORSER TO PAY.—A promise to pay a note, made by an indorser after its maturity, where no demand has been made or notice given, and made with full knowledge of the holder's laches, is binding upon the indorser, but this promise must be established by clear and distinct evidence.

APPEAL from the District Court, Seventeenth Judicial District, Sierra County.

The following is a copy of the note sued on:

"SIERRA VALLEY, June 3d, 1862.

"For value received, I promise to pay Corel Howk or order, the sum of ($487) four hundred and eighty-seven dollars, with two per cent interest per month till paid.

"D. FENSTERMAKER.

"(Indorsed:)    COREL HOWK."

The other facts are stated in the opinion of the Court.

*Williams & Johnson,* for Appellant.

It has been holden that the indorser of a note, after maturity, stands in the position of a new maker, or as the drawer of a bill on a man without funds; in neither case is a demand or notice necessary. (*Gray* v. *Bell,* 3 Rich. 71; *Bank of North America* v. *Barriese,* 1 Yates, 360.)

The great weight of authorities declare that the same strictness as to notice which apply to indorsers of notes before maturity, do not apply to indorsers of notes after maturity. (*McKinney* v. *Crawford,* 8 S. & R. 351; *Hill* v. *Smith,* 1 Bay, 330; *Brock* v. *Thompson,* 1 Bailey, 322.)

It is now well settled that no precise time can be laid down by the Courts in which due dilegence may be exercised; it is also settled that as cases vary, so must the rules vary as to diligence in giving notice.

If Howk understood his liability, or want of liability, and still promised to pay plaintiff in August, he cannot claim that no demand and notice had been given; he cannot claim that as a defense. (See Parsons on Notes and Bills, Vol. 1, p. 595, *et seq.,* and the numerous cases there cited.)

There is no lack of authorities upon the point that no legal demand and notice had been given, and Howk, knowing these facts, still promised to pay—that he is liable on the note, and cannot hold us to the proof of demand and notice, as they are immaterial questions, not bearing on our right to recover.

Then we will assume that if the promise was made, plaintiff made out his case, and should not have been nonsuited.

That Howk did promise to pay, is settled by Parsons on Notes and Bills, 596, and cases cited. The rule laid down by the author just cited, and the cases he cites, are conclusive that the promise was made, and that no demand and notice need be proven.

*Vanclief & Bowers*, for Respondent.

By the Court, SANDERSON, C. J.

This is an action upon a promissory note against the defendant Fenstermaker, as maker, and the defendant Howk, as indorser. The note is dated on the 3d day of January, 1862, and specifies no day or time of payment. It was indorsed in blank by Howk, on the 24th or 25th of April, 1862, and delivered by him to one Bartholemew, who, on the same day, transferred it by delivery to the plaintiff. Some time during the first week in May, 1862, the plaintiff demanded payment of Fenstermaker, who failed "to make payment," and, some time in the forepart of August, 1862, gave Howk notice of the demand and non-payment. At the time this notice was given, Howk told the plaintiff "that he did not want him to sue, and if he felt like doing so he would rather pay it, as he did not want to pay costs." Upon this state of facts the Court below rendered a judgment of nonsuit as to defendant Howk, from which the plaintiff appeals to this Court.

Two questions are presented:

First—As to the sufficiency of the demand and notice; and,

Second—As to the waiver of demand and notice.

No day or time of payment being specified in the note, it is to be considered as payable on demand, and so far as the liabil-

ity of the indorser is concerned, is governed by the same rules as a note in terms so payable. In order to charge an indorser of a note payable on demand, presentment must be made within a reasonable time. What is a reasonable time, must, of necessity, depend in a great measure upon the facts of each particular case, and cannot be determined by any fixed rules of law. In the present case the demand was made in about two weeks after the note came into the hands of the plaintiff. The precise time cannot be determined from the record. No reason is shown why the demand was not made sooner, and, in the absence of any reason justifying it, we are inclined to think that a delay of two weeks is unreasonable. If the holder and maker reside in the same city or neighborhood, the demand, in the absence of sickness or other accident, should be made in less time; but, if they reside at a distance, or the holder is prevented by sickness or other accident from making present-ment, two weeks, and even a much longer time, might not be unreasonable. The most that can be said upon the subject is, that the contract of the indorser is to the effect that the maker will pay the note on demand made within a reasonable time, and that in the event of his failure so to do, he will pay it himself; and, in order to charge the indorser, the holder must show reasonable diligence, under the circumstances of the case, in making demand of payment. The burden of proving such diligence rests upon the holder, and circumstances excusing a delay, which is *prima facie* unreasonable, must be established by him. But whether the demand, in the present case, was made with sufficient diligence or not, it is not material to decide; for, supposing it to have been so, it is clear that no notice of the dishonor, sufficient to charge Howk as indorser, was given. The note, as we have already seen, is to be con-sidered as payable at sight, or on demand, and although a rea-sonable time is allowed the holder in such cases within which to make demand of payment, yet, when the demand is made, and the note dishonored, the same notice of non-payment must be given which is required in the case of a note or bill made payable at a particular day. The contract and liability of the

indorser is no greater in the former than in the latter case. Upon principle, his liability rests upon the same conditions in the one case as in the other. The importance to the indorser of immediate notice of non-payment, that he may take measures for his own protection, is equal in both cases. It is a settled principle of commercial law that notice of dishonor must be forwarded on the following day, where no sufficient reason exists for the omission to do so. In the present case the notice was not given until at least three months after the demand, and no reason for this delay is attempted to be shown, other than that of distance, which was only thirty miles, and could certainly have been travelled in much less time by the holder, or a messenger, admitting there were no other means of communication. The notice being insufficient to charge Howk as an indorser, it only remains to determine whether the laches of the plaintiff in that respect were waived by Howk.

It is well settled in England and in the United States that a promise to pay by an indorser, made after maturity, and where no demand has been made, or notice given, and made with full knowledge of the holder's laches, is binding upon him, and entirely cures any negligence on the part of the holder in making demand or in giving notice of dishonor. (1 Parsons on Notes and Bills, 595.) But the promise to pay must be established by clear and distinct evidence. The testimony in this case falls far short, in our judgment, of establishing such a promise on the part of Howk. All he said, in substance, was that he had rather pay the note than be sued. This was the expression of a wholesome dread of a lawsuit, rather than a promise to pay the note, notwithstanding the laches of the plaintiff.

The judgment is affirmed.