[No. 12056. In Bank. — December 20, 1887.]

JUAN MACHADO, APPELLANT, v. VICENTE FERNANDEZ, RESPONDENT.

PROMISSORY NOTE PAYABLE ON DEMAND WITH INTEREST — PRESENTATION FOR PAYMENT — DELAY DOES NOT RELEASE INDORSER. — Under the provisions of the Civil Code, an indorser on a promissory note payable with interest at sight or on demand is not exonerated by the mere failure of the payee to present the note for payment, after its apparent maturity.

ID. — ACCOMMODATION INDORSERS — PAYMENT OF NOTE BY ONE — CONTRIBUTION. — One of two accommodation indorsers on a promissory note, upon being sued thereon, has a right to pay the same without waiting for a trial of the action, and to then enforce contribution from his co-indorser.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Harris & Allen,* for Appellant.

*Rowell & Rowell,* for Respondent.

BELCHER, C. C.—The facts of this case, as they are shown by the complaint, are as follows:—

The plaintiff and the defendant were accommodation indorsers of a promissory note, which was made and dated February 26, 1885, and was payable on demand with interest. On the ninth day of July, 1886, the payee of the note demanded payment thereof from the makers, and his demand not being complied with, gave notice of its dishonor to the indorsers. Subsequently the payee brought suit on the note against the makers and indorsers, and thereupon the plaintiff, without any trial of the case, paid to him the full amount due for principal, interest, and costs. This action was then commenced by the plaintiff to enforce contribution from the defendant of one half of the amount so paid.

A general demurrer was interposed to the complaint,

and sustained.  Judgment was then entered against the plaintiff, and from that judgment he has appealed.

In support of the judgment, it is argued for the respondent, that, as the note was payable on demand with interest, its apparent maturity, under section 3135 of the Civil Code, was one year after its date, and, as it was not presented for payment till more than four months after that time had elapsed, and no reason for not sooner presenting it was shown, the indorsers were released from all liability, and consequently the payment by plaintiff was voluntary, and no cause of action for contribution was thereby created against the defendant.

It is undoubtedly true that a payment, to be the foundation of a claim for contribution, must be compulsory; that is, there must be a fixed and positive obligation to pay.  And if one has voluntarily paid money where there was no fixed and positive obligation resting upon him to pay it, he cannot maintain an action for contribution.

The question then is, Did the mere delay in presenting the note in question for payment for more than four months after its apparent maturity release the indorsers from all obligation to pay it?

The rule upon this subject has not been uniform.  For example, it was held in this state, before the codes were adopted, that a note payable on demand with interest must be presented within a reasonable time in order to hold an indorser, and that, in the absence of any showing why the demand was not sooner made, a delay of two weeks was unreasonable.  (*Keyes* v. *Fenstermaker*, 24 Cal. 329.)   On the other hand, it has been held in New York that such a note is a continuing security; that an indorser upon it remains liable upon it until demand is actually made, and that the holder is not chargeable with neglect for omitting to make such demand within any particular time.  (*Merritt* v. *Todd*, 23 N. Y. 28; 80 Am. Dec. 243; *Pardee* v. *Fish*, 60 N. Y. 265; 19 Am. Rep. 176.)

It is claimed for the appellant that the rule announced in *Keys* v. *Fenstermaker* was changed by the provisions of the Civil Code, and that in effect the rule prevailing in New York was adopted.

The sections of the code referred to read as follows:—

" SEC. 3135.   The apparent maturity of a promissory note payable at sight or on demand is: 1. If it bears interest, one year after its date; or 2. If it does not bear interest, six months after its date."

" SEC. 3248.   If a promissory note payable on demand or at sight, without interest, is not duly presented for payment within six months from its date, the indorsers thereof are exonerated, unless such presentment is excused."

" SEC. 3214.   Mere delay in presenting a bill of exchange payable with interest, at sight or on demand, does not exonerate any party thereto."

" SEC. 3247.   Chapter 1 of this title, and sections 3181 and 3214 of this code, apply to promissory notes."

Now, if section 3214 be changed so as to apply to promissory notes, it will then read: " Mere delay in presenting a promissory note payable with interest, at sight or on demand, does not exonerate any party thereto."

What party is referred to by the words "any party thereto"?   It must be the indorser, for the maker, the surety, and the guarantors are never exonerated by any mere delay till the statute of limitations runs in their favor.

It would seem, then, as claimed by the appellant, that a distinction is clearly made as to the liability of indorsers, between notes payable on demand without interest and those payable on demand with interest.   In the one case, it is clearly declared that the indorser is released from liability if the note is not duly presented for payment within six months after its date; and in the other, that he is not released from liability by any mere delay in presenting it.

If this be the correct construction of the sections cited,—and we are unable to see how any other construction can be given them,—it must follow that the indorsers upon the note in question were not released from their obligation to pay it because presentment and demand of payment were not sooner made. It must also follow that when suit was brought against all the parties to the note, the plaintiff had the right to at once pay the amount due, and to then call upon the defendant to contribute his share of that amount.

In our opinion, the judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with directions to the court below to overrule the demurrer.