[15108. Department Two. — May 20, 1893.]

JENNIE BEER, RESPONDENT, v. EUGENE CLIFTON ET AL., APPELLANTS.

NEGOTIABLE PAPER — INDORSEMENT AFTER MATURITY — INDORSER ENTITLED TO DEMAND AND NOTICE — REASONABLE TIME. — An indorser of a promissory note after maturity is entitled to have a demand made upon the maker and notice of non-payment the same as an indorser before maturity, the only difference being as to the time of giving the demand and notice, which must be within a reasonable time, the note being regarded, as to such indorser, as equivalent to one payable on demand and dated at the time of transfer.

APPEAL from an order of the Superior Court of Mendocino County granting a new trial.

The facts are stated in the opinion of the court.

*Thomas L. Carothers*, for Appellants.

*Crittenden Thornton*, and *F. H. Merzbach*, for Respondent.

McFARLAND, J.— This action was brought to recover $3,500, with interest, costs, etc., upon a promissory note made by defendants to plaintiff on March 29, 1890, and payable July 1, 1890. The jury returned a verdict for plaintiff for only $1,240.24; and plaintiff moved for a new trial upon the grounds of insufficiency of the evidence to justify the verdict, that the verdict is against law, and errors of law occurring at the trial, etc. The court granted a motion for a new trial, stating in its order that the motion was granted because "the first and third instructions offered by defendants' attorneys, and given, are erroneous, and must have been misleading to the jury." The defendants appeal from the order granting a new trial.

The facts necessary to be stated are these: In March, 1889, the plaintiff was, and for several years before that had been, engaged in the business of keeping a country store at Covelo in Mendocino County. The defendant Weill is her nephew, and for five years prior to the time last stated had been her principal clerk and assistant in said business. On March 18, 1889, she sold said business, together with certain real estate, live stock, and choses in action to the defendants, Weill and Clifton. In payment for the property sold, in addition to certain cash payments and a mortgage for $1,500 on the real property sold, they gave her seven promissory notes for $500, each payable monthly in succession, the first becoming due on November 1, 1889. These notes not having been paid as they became due, and plaintiff becoming anxious for their payment a little over a year afterward, to wit: on March 29, 1890, the said notes were taken up by the giving of a note for $3,500, signed by said defendants, Weill and Clifton, and also by the defendant, George E. White, which is the note sued on in this present action.

Among the choses in action sold by plaintiff to Weill and Clifton on said March 18, 1889, were eleven promissory notes, which had been given by different parties to plaintiff; and all of said eleven notes were, at the time of said sale, overdue. These notes were at the time of said sale, and being overdue as aforesaid, indorsed by said plaintiff, that is, she wrote her name on the back of said notes. Plaintiff testified that she delivered said notes to Weill and Clifton at the time of the sale without indorsement; and that about two weeks afterwards Weill re-

quested her to write her name on the back, saying that he could not collect the notes unless she did so, and that she would not have indorsed them if she had known that such indorsement would make her liable in any way for or upon said notes, and that she sold them absolutely and without any intention of being personally liable thereon; but Weill and Clifton contended, and introduced evidence to the point, that according to the terms of the sale they were to collect whatever could be collected on said eleven notes, and that whatever they could not collect after the exercise of due diligence was to be credited upon and deducted from the amount due from them to plaintiff upon the said seven promissory notes which they had given her, and consequently to be credited upon the $3,500 note sued on, which was given in lieu of said seven notes as aforesaid. Under these circumstances it was, of course, material and important for the jury, in view of the conflicting evidence, to know what, in law, was the liability which attached to plaintiff upon said eleven notes from the mere fact of her indorsement of them. And upon this point the said instructions, 1 and 3, are as follows:—

"1. If you find from the evidence in this case that the plaintiff indorsed the eleven promissory notes by writing her name on the back of each, and that nothing was said by any of the parties when she did so about her liability thereon by reason of indorsing them, then she is liable and you will so find by your verdict, unless defendants failed to collect the notes or any of them through their own negligence."

"3. The indorsement of the eleven promissory notes by the plaintiff is admitted, and by that indorsement she made herself liable for their payment. Indorsing them as she did makes her liable, unless there was at the time a contract between her and Clifton and Weill that she was not to be held liable thereon. The burden of showing such a contract is upon her, and she must prove it to your satisfaction, from all the evidence, before you would be justified in finding that she is not liable."

It is clear, as the court below decided when granting a new trial, that these instructions were erroneous. They are somewhat conflicting, but they announce the doctrine that the indorser of a note after its maturity is absolutely liable thereon, without regard to any right to have a demand made upon the

maker and notice to the indorser on non-payment. This is not the law. The indorser of an overdue note has as much right to demand and notice as the indorser of a note before maturity, the only difference being as to the time when the demand and notice must be made and given. This has always been the law and is stated in all the text-books. In Daniel on Negotiable Instruments (par. 611) the rule is stated in these words: "When a negotiable instrument is indorsed after maturity, payment must be demanded of the payor within a reasonable time, and notice, in the event of a refusal, given to the indorser, in order to charge him, it being regarded as equivalent to one payable on demand." This court has had occasion to so announce the law; e. g., *Beebe* v. *Brooks,* 12 Cal. 310; *Thompson* v. *Williams,* 14 Cal. 162; *Keyes* v. *Fenstermaker,* 24 Cal. 329. (See also *McKewer* v. *Kirtland,* 33 Iowa, 351; *Colt* v. *Barnard,* 18 Pick. 260; *Swartz* v. *Redfield,* 13 Kan. 550; *Light* v. *Kinsbury,* 50 Mo. 331; 12 Am. Dec. 609, and note; *Simpson* v. *Griffin,* 9 Johns. [N. Y.] 131; *Leavitt* v. *Putman,* 3 N. Y. 494.) At common law the rule is that in case of indorsement after maturity the demand and notice must be within a reasonable time; reasonable time depending upon the facts in each particular case. Section 3135 of our Civil Code provides that the apparent maturity of a promissory note, payable at sight or on demand, is, if it bear interest, one year after its date; or if it does not bear interest, six months after its date. According to the above quotation from Daniel an instrument indorsed after maturity "is equivalent to one payable on demand"; in Chitty on Bills, 215, it is said that indorsing a promissory note after maturity is "equivalent to the act of drawing a bill at sight"; and in *Goodwin* v. *Davenport,* 47 Me. 118, the court say: "It is equivalent to a note on demand dated at the time of the transfer, so far as demand and notice are concerned." If these authorities be correct then it might be safely said that in case of indorsement of an overdue note, demand and notice should be made and given at least within the time specified in said section 3135 for demand and notice in case of a note payable on demand; and there might be cases where the demand and notice should be within a much shorter time than that mentioned in said section of the code. In the case at bar, however, the ques-

tion of reasonable time does not arise, for the jury were erroneously instructed that plaintiff was not entitled to any demand and notice whatever. In fact, no notice was given until July 8, 1890, and the notice did not state the date of the demand.

For the reasons above given the order granting a new trial should be affirmed; for we see nothing in appellants' point that said erroneous instructions were not prejudicial to plaintiff.

The order appealed from is affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.