## WARNER v. CITIZENS' BANK OF PARKER.

1. Section 4544, Comp. Laws, was designed to more definitely define the time within which a bill of exchange should be presented for payment, and, in that respect, changes the rule of the law merchant in this jurisdiction.

2. The drawer of a bill of exchange contracts, subject to conditions of notice, to pay at the place where the bill is drawn, if the same is not paid by the drawee; so that—

3. As between drawer and payee, the place of performance is the place where the bill is drawn.

(Syllabus by the court. Opinion filed Nov. 2, 1894.)

Appeal from circuit court, Turner county. Hon. E. G. SMITH, Judge.

Action to recover the amount of certain dishonored drafts issued by defendant to plaintiff. From a judgment for plaintiff defendant appeals. Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge,* and *W. Y. Quigley,* for appellant.

A check drawn in one state upon a bank in another state is a foreign bill and the law of the state where it is to be paid governs the payment. Andrews v. Pond, 13 Peters, 65; Fordge v. Nelson, 91 Ind. 447; Story on Bills, 172; Murphy v. Collins, 121 Mass. 6; Hunt v. Standort, 15 Ind. 33; Campbell v. Nichols, 4 Vroom, 81.

*John E. Carland,* for respondent.

KELLAM, J. On the 2d day of May, 1893, respondent bought two drafts or checks, aggregating $800, of the appellant, issued by itself on that day to respondent as payee, and drawn upon the Columbia National Bank, of Chicago, Ill. On the 11th day of May, and before said drafts were presented for payment, the Columbia National Bank failed. The drafts were subsequently, on the 10th day of June following, presented to the drawee bank for payment, which was refused. Payment of the same was then demanded of the appellant bank, and was refused; and this action was brought to recover the amount of the same, and costs of protest. To a complaint alleging these facts, the appellant bank answered that at the time of the delivery of the checks or drafts to the respondent, and at all times thereafter up to its suspension, appellant bank had money with the Columbia National Bank to pay all drafts or checks drawn against it, and that, if these drafts had been presented for payment with due diligence, they would have been paid, and that, in consequence of respondent's negligence in failing to present the same for payment, the amount of money so left on deposit with the Columbia National Bank for

their payment had been lost to appellant. Respondent moved for judgment on the pleadings. Afterwards, and before this motion was decided, appellant moved to amend its answer by setting up the fact that the common law merchant was in force in the state of Illinois, and that respondent had been guilty of such negligence and delay in the presentation of the drafts for payment as, under said law merchant, discharged the appellant. The court denied the application to amend, and gave judgment for respondent. This appeal is from such judgment.

It can hardly be doubted that, governed by the rules of the law merchant, the conceded facts would have required a diffierent judgment; but section 4544, Comp. Laws, seems to have substituted a new rule of diligence for that of the law merchant. After having defined a bill of exchange, the section cited says: "If a bill of exchange, payable at sight, or on demand, without interest, is not duly presented for payment within ten days after the time in which it could, with reasonable diligence, be transmitted to the proper place for such presentment. the drawer and indorsers are exonerated, unless such presentment is excused." We do not find this section, or anything substantially like it, elsewhere than in the Civil Codes of California and the Dakotas. We do not find in either state any case in which this provision has been construed or applied to facts. All the California cases cited by appellant were prior to the adoption of this provision in 1873. In the commissioners' notes to the California Code, it is said that this was intended to make more definite the rule of the law merchant as to the "due diligence" that must be used in presenting the bill for payment. The provision carries that suggestion upon its face, and it must be so understood and construed. Its effect is to allow the holder of such bill or draft 10 days beyond the time in which it could, with reasonable diligence, be transmitted to the proper place for presentment, to present the same for payment, and for such time to continue the liability of the drawer thereon. The same policy and purpose of more definitely defining the

rule of diligence is manifest in section 4493, where it is provided that "a bill of exchange, payable at a certain time after sight, which is not accepted within ten days after its date, in addition to the time which would suffice, with ordinary diligence, to forward it for acceptance, is presumed to have been dishonored;" and in section 4494, which makes the apparent maturity of a bill of exchange payable at sight or on demand, and without interest, "ten days after its date in addition to the time which would suffice, with ordinary diligence, to forward it for acceptance;" and in section 4529, which contains the same language as to the time for presentation of bill for acceptance. This rule of the Code is peculiar to bills "payable at sight or on demand without interest." In the case of bills not so payable, mere delay in presenting does not exonerate any party thereto. See section 4545. Analogous provisions are by the California Code, as by ours, made applicable to promissory notes. In Machado v. Fernandez, 74 Cal. 362, 16 Pac. 19, and in Cousins v. Partridge, 79 Cal. 224, 21 Pac. 745, the court recognized the purpose of such provisions to be to make more definite "that very uncertain period called a 'reasonable time.'" In the case at bar, controlled by those statutory provisions, the appellant bank was not exonerated by the delay of respondent in presenting these drafts for payment.

The appellant, however, contends that it should have been allowed to amend its answer, and set up the law prevailing in Illinois, as the place of performance of the contract. But as between appellant, the owner of the bill, and respondent, the payee, the contract was not one to be performed in Illinois. Section 4523, Comp. Laws, is as follows: "The rights and obligations of the drawer of a bill of exchange are the same as those of the first indorser of any other negotiable instrument." The liability of such indorser is fixed by section 4479 as follows: "Every indorser of a negotiable instrument warrants to every subsequent holder thereof who is not liable thereon to him, * * * that if the instrument is dishonored the indorser will,

upon notice thereof duly given to him or without notice where it is excused by law, pay the same with interest, unless exonerated under the provisions of sections 4529, 4556, or 4568." The contract of appellant, as drawer of these bills, was to pay, if they were dishonored by the Columbia National Bank. This contract plainly contemplated that the appellant bank would pay at Parker, S. D., where it was doing business, if the Columbia National Bank did not pay in Chicago. Daniel, in his work on Negotiable Instruments, (Vol. 1, § 898) says: "The drawer of a bill does not bind himself to pay it specially where the acceptor is impliedly or expressly called on to pay it, but his contract is to pay generally, and is consequently construed to be a contract to pay at the place where the bill is drawn." See, also, Freese v. Brownell, 35 N. J. Law, 286; Hunt v. Standart, 15 Ind. 33. It frequently happens that different contracts or liabilities grow out of the same instrument. The liability of a maker and successive indorsers, each living in a different state, is controlled by the law of the state "where his own contract had its origin, either by making or by indorsing the bill." Each indorser is liable according to the law of the place of his indorsement, every indorsement being treated as a separate contract. The law of the place where the drawer was to pay does not necessarily control. Story, Confl. Laws (7th Ed.) 307, 314, 360, and cases cited. The contract of appellant, then, being made and to be performed in this state, must be construed and controlled by the laws of this state, so that the answer, amended as proposed, set up no defense. There was therefore no error in refusing it. As this is the only error assigned, the judgment of the circuit court is affirmed. All the judges concur.