[No. 15958.   Department Two.—January 21, 1896.]

JENNIE BEER, RESPONDENT, v. E. CLIFTON ET AL., APPELLANTS.

NONNEGOTIABLE NOTES — LIABILITY OF INDORSER — AGREEMENT FOR DUE DILIGENCE.—The indorser of a nonnegotiable note after maturity, who did not agree or undertake to become absolutely liable upon or for the note to the indorsees, but agreed only to pay such part of the same as the indorsees should fail to collect after due diligence, is not liable thereon if due diligence was not used to collect the same.

ID.—OFFSET—ESTOPPEL—TRANSFER OF NOTES AS INDEMNITY.—The indorser is not estopped from asserting nonliability upon the nonnegotiable notes so indorsed, and not collected with due diligence, by reason of the fact that they were transferred by the indorsees as collateral security to a third party to indemnify him against his liability upon another note

executed jointly by the indorsees and such third party to such indorser, as payee, nor can such indorsed notes be offset against the latter note, although it was made nonnegotiable at the request of such third party for the purposes of offset.

ID.—NOTICE OF CONDITION—PRESUMPTION—SPECIAL AGENCY.—The indorser is not presumed to have notice of any condition of offset imposed or attempted to be imposed by such third party as a condition of his joining in the execution of the note to the indorser, not proved to have been communicated to the indorser; nor is such notice implied from the fact that notice was given by such third party of his reasons for having the note made nonnegotiable to a special agent of the express company who presented the note to him for execution, with the words "or order" written therein, which were stricken out before execution.

ID.—BURDEN OF PROOF—KNOWLEDGE OF PAYEE—CHANGE IN FORM OF NOTE.. The burden of proof is upon such third party to prove that the facts were communicated to the payee of the note, nor can the mere assent of the payee to the change in the form of the note imply that the payee had been informed thereof, or had assented to any conditions imposed for joining in the execution of the note not proved to have been made known to the payee.

ID.—SUPPOSED LIABILITY OF INDORSER—EFFECT OF KNOWLEDGE OF FACTS—OFFSET.—Where it appears that the third party insisted upon having the new note executed by him made nonnegotiable merely by reason of the supposed liability of the indorser upon the other nonnegotiable notes transferred to him for indemnity, the knowledge by such indorser of the desire or purpose of the holder of the other notes to set them off upon the basis of the indorser's liability could not affect or increase that liability; and the consent of the payee to a change in the form of the new note so as to make it nonnegotiable could only have the effect to afford to such third party an opportunity to set off against the note executed by him any legal demand existing by reason of the indorsement of the other notes when his note becomes due, and if, at such time, or thereafter, there is no legal liability of the indorser upon the indorsed notes, there can be no offset of the same.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.  R. McGARVEY, Judge.

The facts are stated in the opinion in this case, and in the opinion of the court rendered upon the former appeal, and repeated in 98 Cal. 323.

*J. W. Oates,* and *J. H. Seawell,* for Appellants.

The agent of Wells, Fargo & Co. acted ostensibly as the agent of the plaintiff, and plaintiff is liable by reason of his action. (Civ. Code, sec. 2334.)  When one or two innocent persons must suffer by the acts of the

third, he who has enabled such person to occasion the loss must sustain it. (*Ruiz* v. *Norton*, 4 Cal. 355; 60 Am. Dec. 618; 2 Herman on Estoppel, 1091.) What the makers of a note to plaintiff said to the express agent was notice to the plaintiff. (Civ. Code, sec. 2332.) One claiming the benefit of a contract is estopped to deny its liabilities. (*Bailey* v. *Richardson*, 66 Cal. 422.) If one is silent when he should speak, justice will compel him to silence when he would speak. (*Bryan* v. *Ramirez*, 8 Cal. 467; 68 Am. Dec. 340; *Ayres* v. *Palmer*, 57 Cal. 309, 316; *Simson* v. *Eckstein*, 22 Cal. 593.)

*Crittenden Thornton*, *F. H. Merzbach*, and *Thomas Carothers*, for Respondent.

In view of the decision upon the former appeal the question is now raised upon the same evidence. (*Beer* v. *Clifton*, 98 Cal, 323; 35 Am. St. Rep. 172.)

HAYNES, C.—This is an action brought upon a promissory note dated at Covelo, California, March 29, 1890, made by the defendants to the plaintiff, for the sum of three thousand five hundred dollars, with interest at the rate of ten per cent per annum, from March 16, 1889.

The case was tried before the court without a jury, and findings were filed and judgment entered for the plaintiff for the full amount of said note, with interest and costs, in all five thousand three hundred and thirty-five dollars and forty-one cents, and this appeal is from the judgment and an order denying the defendants' motion for a new trial.

Upon a first trial of this case the plaintiff had judgment for an amount much less than she claimed, and her motion for a new trial was granted, and the defendants appealed from the order granting said motion. The case upon the former appeal is reported in 98 Cal. 323; 35 Am. St. Rep. 172, where will be found a general statement of the facts in the case. The question involved upon that appeal was as to the liability of the plaintiff upon her indorsement of eleven promissory notes then

overdue, and which were part of the assets sold by her to Clifton and Weill, and which she indorsed in blank.

It was there sought to hold her liable upon these notes upon said indorsement, but this court held that, inasmuch as the defendants had not made due demand on the makers for payment, and notified her of nonpayment within a reasonable time, that she was not liable as an indorser.

Upon this trial the defendants sought to fix her liability upon another ground.

It was alleged in the answer that these eleven notes were each and all of them indorsed by plaintiff to Clifton and Weill, "with a distinct agreement and understanding that the plaintiff would make them, and each of them, good and would pay the same, and was and would remain bound to see the same paid and pay the same," and that Clifton and Weill accepted said notes with that understanding.

At the time the three thousand five hundred dollar note here in suit was made, said eleven notes were turned over to White by Clifton and Weill as collateral security against his liability upon said note, and at his dictation the words " or order," as it was first drawn, were stricken out so as to make it a nonnegotiable note; and this circumstance, with others, is relied upon to sustain the defense that said eleven notes were taken under an agreement with the plaintiff that she would see the same paid.

The court, however, found that said eleven notes were indorsed by the plaintiff for no other purpose than merely to transfer the title to said notes, and that it was not agreed between the plaintiff and the defendants, or either of them, that she was liable thereon for the payment of the same, and that defendant White knew at the time of the transaction the terms of said indorsement and the reasons and considerations therefor.

The principal question on this appeal is based upon appellants' contention that the evidence is insufficient to justify said findings.

So far as the original transaction between the plaintiff and Clifton and Weill is concerned, the evidence fully ·sustains the finding that the plaintiff did not " agree or undertake" to become liable upon or for these notes; but it was agreed that as to such part of these notes as Clifton and Weill should fail to collect, after due diligence to collect the same, that they be credited upon their seven notes of five hundred dollars each with the amount so uncollected. It was found, however, upon ample testimony, that due diligence had not been used to collect the same, and that the condition of plaintiff's liability was therefore not performed.

At the time the note in suit was made and given to the plaintiff in exchange for the seven notes of five hundred dollars each, made by Clifton and Weill, there was no direct personal interview between the plaintiff and the defendants, or either of them. This note was prepared in San Francisco and sent to Covelo through Wells, Fargo & Co., and was presented to the defendants for execution by Mr. Brown, who was then and there the agent of Wells, Fargo & Co. As above stated, when this note was presented for execution it was negotiable in form, and Mr. White refused to sign it unless the words " or order" were stricken out, for the reason that he held a certain obligation against the plaintiff, and also because said eleven notes were to be delivered to him as collateral security; his purpose being to prevent the plaintiff from transferring said three thousand five hundred dollar note to an innocent holder, thus enabling him, as he supposed, to set off her liability upon the said eleven notes against his liability upon the new note.

Mr. Brown communicated with the plaintiff, and obtained her direction to have the note executed with the words " or order" stricken out.

It is now claimed that Mr. Brown was the agent of the plaintiff in the transaction, ostensibly at least; that the whole matter was talked over before him by the defendants; and because the note was accepted in its pres-

ent form, that the plaintiff is estopped from asserting that she did not thereby agree to become liable for the payment of said eleven notes.

Mr. Brown was not examined as a witness, nor is there any evidence tending to show that the reasons given by Mr. White for having the three thousand five hundred dollar note made nonnegotiable were communicated to the plaintiff in any form whatever. The note was sent to Covelo by Wells, Fargo & Co.'s Express, and Mr. Brown, as the agent of the express company, presented the note for execution; but it does not appear that he was in any sense, or for any purpose other than the presentation of the note for that purpose, the agent of the plaintiff; and, being a special agent for a particular and definite purpose, which did not, upon the face of the transaction imply any authority or discretion in him as agent, the burden was upon defendants to show that he communicated to the plaintiff all the facts stated by Mr. White, and that he was authorized to assent and did assent thereto. It cannot be assumed in the absence of evidence that the plaintiff was informed of any condition imposed or attempted to be imposed by Mr. White as a condition to his joining in the execution of the note; nor did the plaintiff's consent to the change in the form of the note necessarily imply that the plaintiff had been so informed or had assented to any of the reasons which led Mr. White to have the change made.

Not only so, but the defendants all supposed at the time the three thousand five hundred dollar note was given that the plaintiff was already liable upon said eleven notes because of her indorsement, and it was because of that supposed liability that Mr. White insisted upon having the new note made nonnegotiable, and all that he said to Mr. Brown was based upon such supposed pre-existing liability; and no question having been made as to such liability, we fail to see how all that was said by defendant White to Mr. Brown, if it had been communicated to the plaintiff, could in any manner have affected or increased her liability. The

effect of her consent to the change in the form of the note was merely saying: "When this note becomes due and I seek to enforce it, you shall have an opportunity to set off any legal demand you may then have against me."

The findings are justified by the evidence, and the judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.