[Civ. No. 350.   Third Appellate District.—August 5, 1907.]

WILLIAM L. WILLS, Appellant, v. WILLIAM BOOTH and MARY A. BURLESON, Administratrix of Estate of I. C. BURLESON, Deceased, Respondents.

ESTATES OF DECEASED PERSONS—ESTATE SET APART TO WIDOW—FURTHER ADMINISTRATION FORBIDDEN.—Where the appraisement of the estate of a deceased husband showed a total value of $1,400, it was the duty of the court to assign and set apart the whole of the estate to the widow, and after such order is made upon due notice, all further proceedings in the matter of the estate are forbidden by the statute.

ID.—SUBSEQUENT CLAIM AGAINST ESTATE.—After such order is made, no subsequent claim can be allowed against the estate, unless it be shown that there is other property belonging to the estate, and a claim be presented against the widow as administratrix before suit is begun against her as such.

ID.—ACTION BY PAYEE OF NOTE AGAINST DECEDENT AS INDORSER— CAUSE OF ACTION NOT STATED AGAINST ESTATE OR WIDOW.—Where, after the estate was set apart to the widow, who had been appointed administratrix of the estate of her deceased husband, a complaint in an action thereafter begun on a note indorsed by the decedent and another person to the plaintiff, making the widow a party, as administratrix, alleging that the property was set apart to her, and that no notice to creditors was ever published without alleging the existence of any other property, or the presentation of any claim against the estate, states no cause against the widow, as administratrix, or individually.

ID.—NOTICE TO CREDITORS NOT REQUIRED.—The notice to creditors is a proceeding in the administration, and is not required, where the entire estate has been duly set apart to the widow, upon the return of the inventory and appraisement.

PROMISSORY NOTES—INDORSEMENT AFTER MATURITY—PAYMENT ON DEMAND—LIABILITY OF INDORSERS.—A promissory note indorsed

after maturity by the payees to a third party is deemed payable on demand, and in order to charge the indorsers, the indorsee must make demand upon the maker within the time provided in section 3135 of the Civil Code, or show some reasonable excuse for not doing so, before he can charge the indorsers.

ID.—ACTION AGAINST INDORSERS—INSUFFICIENT PRESENTMENT—CAUSE OF ACTION NOT STATED.—A complaint against indorsers of a promissory note, indorsed after maturity, which alleges that the maker left the state five months after the indorsement was made, and shows no attempt at presentment for payment during that time, and which alleges a presentment made more than two years after the indorsement, at the place of date of the note, without any allegation of a presentment within the time allowed by law, at the last-known place of business or residence of the maker, and which shows no reasonable excuse for presentment, does not state a cause of action.

ID.—EXCUSE OF PRESENTMENT FOR PAYMENT.—It is only when it appears that the maker has no place of business or residence within the state, or where his place of business or residence cannot be ascertained with reasonable diligence, that presentment is excused.

ID.—INSUFFICIENT AVERMENTS OF EXCUSE—INFORMATION AND BELIEF— SOURCES NOT STATED.—Mere averments as to the whereabouts of the maker of the note, at the time of presentment for payment, made upon information and belief, without stating the sources of information, or reasonable diligence to ascertain the facts, are insufficient to show a reasonable excuse for presentment.

APPEAL from a judgment of the Superior Court of Siskiyou County. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Coburn & Collier, for Appellant.

R. S. Taylor, for Respondents.

HART, J.—This is an action on a promissory note. A demurrer was sustained to the amended complaint, with leave granted to the plaintiff to file a second amended complaint within ten days. The plaintiff failed and refused to further amend his complaint within the time allowed, and judgment was thereupon entered in favor of the defendants dismissing the action. From the judgment so entered this appeal is taken.

The note in question was made and delivered by one A. M. Williams to the defendant Booth and I. C. Burleson, the latter deceased at the time of the commencement of this suit. The note was executed on the first day of July, 1902, for the sum of $5,000, payable six months after date, with interest at the rate of six per cent per annum. On the fourth day of January, 1903, two days after its maturity, the note was indorsed by the payees to the plaintiff. Burleson died on the 18th of October, 1903, and on the nineteenth day of January, 1904, his widow, one of the defendants herein, was duly appointed administratrix of his estate by the superior court of Siskiyou county. "On the 20th day of February, 1904, the inventory and appraisement of said estate was filed in said court, in which all the property belonging to said estate was appraised at the sum of $1,400.00." Thereafter, and on the fifth day of April, 1904, a decree was made by the superior court distributing all of said estate to the widow.

It is alleged in the complaint "that no notice to creditors of said deceased was ever ordered published and no notice to such creditors was ever published." It is further alleged "that, on or about the eighth day of June, 1903, the said A. W. Williams left the State of California, as plaintiff is informed and believes, and has never returned thereto, and since said date he has not had a place of business, as plaintiff is informed and believes." That on the sixteenth day of February, 1905, the plaintiff caused the said note to be presented at Hornbrook, California, the same being "the place where said note was dated and the place for the payment thereof, but the said A. W. Williams was not in said Hornbrook, or in the State of California, nor had he been therein since on or about the eighth day of June, 1903, as aforesaid, as plaintiff is informed and believes." That thereupon, and on said sixteenth day of February, 1905, the plaintiff caused said note to be presented to said defendants, with a notice of the fact that Williams, aforesaid, was not in California; that the said note had not been paid and "that plaintiff looked to said defendants for its payment."

The demurrer was both general and special. The grounds of the special demurrer present one of the important questions submitted for decision and are thus stated: "That said complaint does not show that demand was made upon the maker, Williams, upon the maturity of said note or attempted to be

made at the last known place of residence or business of said debtor. That notice of the absence of said A. W. Williams, the maker of said note, from the State of California, at the date when demand for payment should have been made was not given or attempted to be given to defendants, or either of them, within the time required by law. That no notice of the nonpayment of said note was given to defendants, or either of them, within the time allowed by law therefor.''

We think the court properly sustained the demurrer as to both of the defendants. The pleaded facts show that the respondent Mary A. Burleson was the widow of I. C. Burleson, who, jointly with Booth, became an indorser of the note—that is, he was one of the original payees who indorsed the note to appellant. She was duly appointed administratrix of her deceased husband's estate, and in the due course of the proceedings of administration, the court set apart and assigned to her all said estate. The inventory and appraisement showed that the value of all the property of said estate did not exceed the sum of $1,500, and it was therefore not only within the power, but the duty, of the court to assign the whole of said estate to her for her use and support. (Code Civ. Proc., sec. 1469; *Estate of Palomares*, 63 Cal. 402; *Estate of Atwood*, 127 Cal. 430, [59 Pac. 770].) In the last-mentioned case it is said: ''After the estate is set apart there shall be no further proceedings in the administration. (Code Civ. Proc., sec. 1469.) Evidently, notice to creditors is a proceeding in the administration, and therefore the statute is express that such notice must not be given after the estate is so set apart to the widow.'' The kind of notice required in such a case is prescribed by the section itself, authorizing and requiring the court·to set apart the estate to the family. It is therein provided that ''notice thereof shall be given and proceedings had in the same manner as provided in sections 1633, 1635 and 1638 of this Code.'' Those sections do not expressly provide for publication of notice in a newspaper, or other than by posting ''in at least three public places in the county,'' or, ''if, upon final hearing, . . . the court or judge thereof should deem the notice insufficient from any cause, he may order such further notice to be given as may seem to him proper.''

The averments of the complaint show that the court acted within its jurisdiction in making the order or decree assigning

the entire estate to the widow, and, therefore, no reason is shown why she, as administratrix, should have been made a party to this suit. The object of a suit against the representative of a deceased person is, of course, to bind the estate by any judgment which may thereby and therein be obtained, and that the same may be paid in the due course of administration. The widow in this case, in her individual capacity, was as much a stranger to the transaction as any other person who had nothing to do with making or indorsing the note. The estate, as shown by the averments of the complaint, was not one in which claims of creditors of the deceased could be filed and allowed, or otherwise acted upon. It was, as we have seen, an estate as to the disposition of which the court had but one thing to do—make a decree, after proper proceedings, assigning the whole thereof to the widow. And if the estate had been of greater value than one which may thus be set apart to the widow, it would have to appear from the averments of the complaint that a claim, accompanied by a copy of the note (Code Civ. Proc., sec. 1497), had been presented to the administratrix, in accordance with section 1494 of the Code of Civil Procedure, and that the same had been rejected. The right to sue an executor or an administrator is a statutory one, and if it does not appear from the complaint that the statutory requirements as to claims against the estate have been complied with, a cause of action is not stated. The complaint failed absolutely to state a cause of action against Mrs. Burleson.

We think that it is now the settled rule in this state that where indorsers of a negotiable instrument are sought to be charged it is necessary first that there should be a presentment and demand upon the maker within the time prescribed by the statute, or in default thereof, a satisfactory showing excusing the failure to do so. Section 3135 of the Civil Code provides: "The apparent maturity of a promissory note, payable at sight or on demand is: 1. If it bears interest one year after its date, or 2. If it does not bear interest, six months after its date." It is said that a negotiable instrument indorsed after maturity is regarded as equivalent to one payable on demand. Such a bill or note, though overdue, continues to be negotiable, and is in the nature of a new bill payable on demand. (Daniel on Negotiable Instruments, secs. 611 and 996; *Beer* v. *Clifton*, 98 Cal. 326, [35 Am. St.

Rep. 172, 33 Pac. 204].) The note sued on was indorsed to the plaintiff two days after the date of its maturity, and, therefore, in the hands of the indorsee, became a note payable on demand, and under section 3135 of the Civil Code, it was the duty of the plaintiff to have made a demand upon Williams, the maker, or have shown some reasonable excuse for not so doing, before he could charge the indorsers. The case of *Machado* v. *Fernandez*, 74 Cal. 362, [16 Pac. 19], seems to hold a contrary view. It is there said, after referring to the several sections of the Civil Code pertinent to the subject, that a distinction is made as to the liability of indorsers between notes payable on demand with interest and those payable on demand without interest, and that in the one case the indorser is released from liability if the note is not duly presented for payment within six months after its date, and that "in the other he is not released from liability by any mere delay in presenting it." But the supreme court in later cases has not adopted the rule as thus stated. "But this section," says the court in *Cousins* v. *Partridge*, 79 Cal. 229, [21 Pac. 745], speaking of section 3135 of the code, "clearly applies to a case where a *demand is necessary*, and a demand is necessary only when it is sought to charge indorsers and others than the principal. Formerly in order to hold indorsers on paper payable on demand, demand and notice had to be made and given within that very uncertain period called 'a reasonable time.' Now, section 3135 limits that time to a year or six months (according as the note does or does not bear interest), and after that time there cannot be a demand and notice which will bind an indorser."

The rule as thus declared is followed in *Jones* v. *Nicholl*, 82 Cal. 33, [22 Pac. 878], (the opinion being written by the writer of the opinion in *Machado* v. *Fernandez*, 74 Cal. 362, [16 Pac. 19]), and also in *Beer* v. *Clifton*, 98 Cal. 326, [35 Am. St. Rep. 172, 33 Pac. 204]. It follows that if counsel's construction of the opinion in *Machado* v. *Fernandez* is correct, and it at least appears to be, the rule as therein declared has been overruled by the cases to which we have just directed attention. And any other construction of section 3135 of the Civil Code would render meaningless the section, although its purpose, so far as the second subdivision thereof would be affected by such a construction, is accomplished by section 3248 of the same code.

The complaint here alleges, "upon information and belief," that Williams left the state on or about the eighth day of June, 1903, and that on the sixteenth day of February, 1905, the plaintiff caused the note to be presented at Hornbrook, California, "the same being the place where said note was dated and the place for the payment thereof," but that the maker was not "in said Hornbrook, or in the State of California." It is not stated that the note was presented or attempted to be presented before the eighth day of June, 1903, the time at which it is alleged that Williams left the State and five months after the plaintiff became the owner of the note. While it is dated at Hornbrook, by its terms it is not payable there, nor is there designated in it any particular place at which it is payable. There is no allegation that Hornbrook was at any time the place of residence of the maker, and there is no averment that any effort was made to find his place of residence, if he ever had any in California. . . . "A note not payable at any particular place is payable and should be presented for payment at the residence or place of business of the maker, or wherever he may be found, at the option of the presentor; and it is only where the maker has no place of business or residence within the state, or where his place of business or residence cannot be ascertained with reasonable diligence, that presentment for payment is excused. The complaint is insufficient, because it states no facts respecting the knowledge or ignorance of Dinkelspeil & Co.. and their indorsers or agent as to the actual place of residence or business of the maker of the note, and does not allege what was her last known place of residence or business, or that any inquiry or presentment was made thereat. Merely looking out for the payor at the place where the instrument is dated is not of itself due diligence; but presentment must be shown to have been made at the promisor's last known place of residence or business." (*Haber* v. *Brown,* 101 Cal. 451, [35 Pac. 1035].) Moreover, it was necessary to show more knowledge of the whereabouts of the maker than that involved in mere "information and belief." The complaint should have shown, if it were the fact, that inquiries as to his whereabouts were made of his personal acquaintances, or other persons in a position in which they were likely to know something of his movements. Information thus acquired would be, it is true, hearsay, but the defendants were entitled to know, we think,

as bearing upon the question of diligence, what the plaintiff actually did in the matter of making efforts to make a demand upon the maker of the note. He was entitled to knowledge, through appropriate averments, of the sources of plaintiff's "information and belief" as to the whereabouts of the maker when the alleged efforts were made to make presentment and demand.

The complaint falls far short of stating a cause of action against either of the respondents.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.