MEMORANDUM **
Angelo Tsakopoulos and Brian C. Vail (“Appellants”) appeal the district court’s order affirming the bankruptcy court’s order disallowing their claims. The parties are familiar with the facts of the case and we do not repeat them here except as necessary to explain our disposition.
*430 We review a decision on appeal from a bankruptcy court de novo and apply the same standard of review applied by the district court to the underlying bankruptcy decision. See In re AFI Holding, Inc., 525 F.3d 700, 702 (9th Cir. 2008). When, as here, the bankruptcy court did not consider extrinsic evidence, “the issue of [contract] interpretation is a matter of law and freely reviewable.” In re U.S. Fin. Sec. Litig., 729 F.2d 628, 631-32 (9th Cir. 1984).
Both the bankruptcy and district courts concluded that Appellants waived their equitable right to contribution via the plain language of the Repurchase Guaranty, which waives “rights of ... contribution and any other rights and defenses that are or may become available to Guarantor by reason of California Civil Code Sections 2787 to 2855, inclusive” and further provides that “Guarantor shall not have, shall not directly or indirectly exercise, and hereby waives ... any rights of contribution, indemnification, reimbursement or similar suretyship claims arising out of this Guaranty.”
First, Appellants argue that only Pulte Investments, Inc. (“Pulte”), and not Alameda, may enforce the waiver provisions because the Repurchase Guaranty states that it is “for the sole protection and benefit of Pulte ... and no other Party shall be a direct or indirect beneficiary of, or shall have any direct or indirect cause of action or claim in connection with, [the Repurchase] Guaranty.” We reject Appellants’ blanket enforcement interpretation because it would render other enforcement provisions—for example, Paragraph 4(a)(i)’s waiver of Appellants’ “right to require Pulte to marshal assets ... or ... to proceed against ... any other Party”— “nugatory, inoperative or meaningless.” City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal.App.4th 445, 80 Cal.Rptr.2d 329, 349 (1998) (subsequent history omitted); see also Cal. Civ. Code § 1641.
We also note that if Appellants’ argument—that only Pulte may derive any “direct or indirect” benefit from the Repurchase Guaranty—were correct, it would bar Appellants’ own bankruptcy claims. Our dissenting colleague also overlooks this wrinkle. Although the right to contribution is equitable in nature, it arises from the obligation imposed under the Repurchase Guaranty. See Machado v. Fernandez, 74 Cal. 362, 16 P. 19, 20 (1887) (“[P]ayment, to be the foundation of a claim for contribution, must be compulsory ... [based on a] fixed and positive obligation[.]”). Thus, if the “sole benefit” provision prevents Alameda from enforcing the waiver provisions, then it also prevents Appellants from acquiring the right to contribution (even in absence of the waiver provisions) because that right is a benefit arising from the Repurchase Guaranty.
Second, Appellants argue that the waivers became inoperable when the Repurchase Guaranty was fully satisfied. Appellants are correct that the Repurchase Guaranty was fully satisfied and its specific provisions were extinguished via the settlement agreement. See Ebensteiner Co. v. Chadmar Grp., 143 Cal.App.4th 1174, 49 Cal.Rptr.3d 825, 829 (2006) (“[Settlement operates as a merger and ban as to all preexisting claims and those alleged in the lawsuit that have been resolved.”) (citing Armstrong v. Sacramento Valley Realty Co., 179 Cal. 648, 178 P. 516, 517 (1919)). However, this does not change the waivers’ original effect. The equitable right to contribution only comes into existence after a co-obligor makes payment on a shared obligation. Morgan Creek Residential v. Kemp, 153 Cal.App.4th 675, 63 Cal.Rptr.3d 232, 238 (2007). Once a co-obligor pays for “more than his share, the one paying possesses a new obligation against the others *431 for their proportion of what he has paid for them.” Id. (emphasis added). Thus, a party-waiving the right to contribution necessarily does so prospectively, as Appellants did here. It does not matter that the waivers were later extinguished.
Finally, Appellants argue that, although they waived the right to contribution described in section 2848 of the California Civil Code, they did'not waive the right to contribution described in section 1432. Although Appellants waived the argument by failing to specifically discuss any distinction between sections 1432 and 2848 before the bankruptcy and district courts, see Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992), we reject this argument on the merits. Section 1432 falls under Division 3, Part 1, of the California Civil Code, entitled “Obligations in General,” while section 2848 falls under Part 4, entitled “Obligations Arising from Particular Transactions.” We therefore conclude that, in the co-guarantor context, these two sections describe the same equitable right to contribution. See Gonzales v. Superior Court, 3 Cal.2d 260, 44 P.2d 320, 321 (1935) (“[CJhapter and section headings in the [California] Codes are entitled to considerable weight in interpreting the various sections[.]”); see also Jans v. Nelson, 83 Cal.App.4th 848, 100 Cal.Rptr.2d 106, 111 (2000) (citing both sections without distinction); Morgan Creek Residential, 63 Cal.Rptr.3d at 238 (same). Thus, Appellants’ waiver of “the right to contribution” was effective under both sections.
Finally, we disagree with our colleague’s conclusion that there is a “gaping hole” in Alameda’s theory because Pulte receives no benefit from Appellants’ loss of their contribution rights once the principal has been repaid in full. Dissent 5. Although Appellants may have waived more rights than necessary to induce Pulte to continue with the sale, they did in fact waive those rights. The dissent’s interpretation rests, not on ambiguity, but on the conclusion that the parties did not mean what they wrote. Appellants could have included a provision explaining that the waiver was only temporary and that contribution rights would spring back to life as between the co-guarantors once Pulte was paid— but they did not do so. This oversight is fatal to their arguments.
Each party shall bear its own costs.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.