## GOLDMAN *v.* DAVIS.

THE contract of the indorser of a promissory note is a written one, and his liability a conditional one to pay upon a proper demand and notice.

This written contract cannot be changed from a conditional to an absolute one, by parol evidence of a verbal promise made by the indorser at the time of the indorsement to pay the note without demand or notice.

APPEAL from the Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*George R. Moore,* for Appellant.

*P. L. Edwards,* for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action against the defendant as indorser upon a promissory note executed by one *H.* Davis. The complaint avers that the defendant waived demand, notice, and protest; that he agreed to pay the note, and that the plaintiff might look to him solely for such payment. The case was tried by the Court and a judgment was rendered for the plaintiff; from which, and from an order overruling a motion for a new trial, the plaintiff appeals.

On the trial, the plaintiff offered evidence to prove that at the time the note was executed the defendant agreed to pay the note, or that he would see it paid, and that he might look to him for the pay; to which the defendant objected that the agreement of the parties was in writing, consisting of the defendant's signature as indorser of the note, and that his liability under the written indorsement could not be varied by any parol evidence of what occurred before or at the time of the execution of the note and its indorsement; but the Court overruled the objection, and this is assigned as error. The Court clearly erred in this ruling, as it was an attempt to vary the terms of a written contract, and change it from a conditional liability, depending upon a proper demand and notice to the indorser being given to render him liable, to an unconditional promise, by parol evidence of statements made before and at the

time of the execution of the written contract. The law deems all such stipulations merged in the writing, which, in the absence of fraud, accident, or mistake, is treated as the exclusive medium of ascertaining the agreement to which the parties bound themselves. (*Hoare* v. *Graham*, 3 Camp. 57 ; *Free* v. *Hawkins*, 8 Taunt. 92 ; Bayley on Bills, Chap. 12, 521–523, and notes.)

The judgment is therefore reversed and the cause remanded for a new trial.