[No. 11920. Department Two. — May 23, 1889.]

# WILLIAM G. COUSINS, RESPONDENT, v. A. E. PARTRIDGE, ADMINISTRATRIX, APPELLANT.

PROMISSORY NOTE — CONSIDERATION — ATTORNEY AND CLIENT — APPEAL — REVIEW OF EVIDENCE. — When there is strong evidence to show that a note was given by a client to his attorney, and that there was a consideration therefor, the mere fact that the relation of attorney and client existed, and that the claim ought to be looked upon with suspicion, will not warrant the appellate court in saying that a verdict sustaining the note was not justified by the evidence.

TRIAL — INSTRUCTIONS — READING CASE TO JURY. — It is not ground of reversal for the court to read to the jury the opinion of the court of appeals of New York in a somewhat similar case, if the opinion contained a correct statement of the law, and was applicable to the case; though such practice is, perhaps, not to be commended.

INSTRUCTIONS — TAKING QUESTION FROM JURY. — When the instructions taken together are correct, and submit every question to the jury, it is not ground of reversal that one of the instructions speaks of a particular question as "just about the only one to be determined"; it appearing from the other instructions that another question in the case was fully discussed, and correctly submitted to the jury.

TRIAL — ORDER OF PROOF — OPENING CASE — DISCRETION. — It is in the discretion of the court to allow plaintiff to introduce testimony after defendant has closed his evidence.

ID. — REMARKS OF COURT — APPEAL — ERROR NOT EXCEPTED TO. — Remarks of the court made during the trial about the immateriality of certain evidence which was admitted, cannot be reviewed on appeal, if not excepted to when made.

NEGOTIABLE PAPER — NOTE PAYABLE ON DEMAND — APPARENT MATURITY — DEMAND. — The payee of a demand note may sue the maker without any demand other than that made by the suit itself. Section 3135 of the Civil Code, in relation to the apparent maturity of a demand note, relates only to cases where a demand is necessary to charge an indorser, and is intended to fix the limits of a reasonable time for that purpose, and not to alter the rule declared in section 3130 of the Civil Code, that it is not necessary to make a demand of payment upon the principal debtor in a negotiable instrument in order to charge him.

ESTATES OF DECEASED PERSONS — PRESENTATION OF CLAIMS — PLEADING. — A complaint sufficiently averring in other respects the due presentation of a written claim for the amount due upon a note of a decedent to the administratrix of his estate for allowance is not subject to general demurrer because alleging that the claim was supported by the affidavit of the claimant, "as required by the statute in such cases made and provided."

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The averment in the second amended complaint in regard to the presentation of the claim to the administratrix was as follows: "That on the second day of April, 1885, at said city and county of San Francisco, plaintiff duly presented to said defendant, as such administratrix of said estate aforesaid, for allowance his written claim against the said estate of Louis G. Partridge, deceased, for the sum of two thousand dollars in United States gold coin, which claim was supported by the affidavit of claimant, this plaintiff, as required by the statute in such cases made and provided, and that a copy of the promissory note and obligation in writing, upon which said claim and this action is founded, and hereinbefore particularly set forth, was attached to and accompanied said claim as part thereof, when it was so presented to said defendant." The defendant interposed a general demurrer to the second amended complaint, which was overruled. The further facts are stated in the opinion of the court.

*T. Z. Blakeman,* for Appellant.

The evidence shows a partial want of consideration of the note, which is a good defense *pro tanto.* (1 Parsons on Notes and Bills, 211; Story on Promissory Notes, sec. 187; Daniel on Negotiable Instruments, sec. 201; *Parish* v. *Stone,* 14 Pick. 207; 25 Am. Dec. 378; *Swift* v. *Tyson,* 16 Pet. 21, citing Bayley on Bills; *Moore* v. *Boyd,* 95 Ind. 134; *Oakley* v. *Boorman,* 21 Wend. 591, 593; *Stevens* v. *McIntire,* 14 Me. 14; *Loring* v. *Sumner,* 23 Pick. 100.) An agreement to pay a gross sum for past services of an attorney may be valid, although the clearest proof of good faith will be required. (Pomeroy's Eq. Jur., sec. 960, note 3; *Morgan* v. *Higgins,* 1 Giff. 277.) The reading of the

opinion to the jury, from the New York report, was error. (Wells on Questions of Law and Fact, sec. 341; *State* v. *McDonald*, 32 Vt. 535; *Stucke* v. *Railroad Co.*, 9 Wis. 202.) No reason was shown for disregarding the order of evidence, as required by section 607, Code of Civil Procedure. A party on whom is the affirmative cannot reserve a portion of his evidence in chief for rebuttal. (*Lux* v. *Haggin*, 69 Cal. 414.) The common-law rule as to maturity of a demand note is changed by section 3135, Civil Code. (*Machado* v. *Fernandez*, 74 Cal. 362.) The allegation in regard to the affidavit accompanying the presentation of the claim is insufficient. Facts showing the performance of a statutory requirement should be pleaded specially. (*Rhoda* v. *Alameda Co.*, 52 Cal. 352; *Hentsch* v. *Porter*, 10 Cal. 559; *Winder* v. *Hendricks*, 56 Cal. 464.)

· *William H. & William B. Sharp*, for Respondent.

The burden is on the defendant to show want or failure of consideration, and none was shown. (*Braly* v. *Henry*, 71 Cal. 481; 60 Am. Rep. 543; *Packwood* v. *Clark*, 2 Saw. 546; *Reese* v. *Gordon*, 19 Cal. 149; *Earl* v. *Peck*, 64 N. Y. 598, 599.) The allowing of further evidence for plaintiff after defendant had rested was discretionary with the trial court. (*Lisman* v. *Early*, 15 Cal. 199; *Brooks* v. *Crosby*, 22 Cal. 43; *Lick* v. *Diaz*, 37 Cal. 445; *Wade* v. *Thayer*, 40 Cal. 586.) The maker of a demand note may be sued without demand. (*Wheeler* v. *Warner*, 47 N. Y. 519; 7 Am. Rep. 478; Civ. Code, sec. 3130; *Brummagim* v. *Tallant*, 29 Cal. 507; 89 Am. Dec. 61; *Bell* v. *Sackett*, 38 Cal. 409.) The allegation as to the affidavit accompanying the claim was good as against a general demurrer. (*Chase* v. *Evoy*, 58 Cal. 353.)

McFarland, J. —This is an action on a promissory note alleged to have been made by Louis G. Partridge, deceased, on February 19, 1885, for two thousand dollars, payable to plaintiff on demand after date. The answer

denies that the note was ever made or delivered by the deceased to plaintiff, or that there was "any consideration for the said promissory note." The case was tried without a jury, and the verdict and judgment were for plaintiff. Defendant appeals from the judgment, and from an order denying a new trial.

1. Appellant contends strenuously that the evidence is insufficient to justify the jury in finding that the deceased made the note, or that there was any consideration for it; but if it could be rightfully said, in the language of appellant's counsel, that "it is difficult to avoid looking upon the claim of Mr. Cousins in this connection without suspicion," that at least is *all* that could be rightfully said on the subject. There certainly was strong evidence tending to show both the making of the note and the consideration, and we cannot say that the verdict is not justified by the evidence, and that, notwithstanding the fact that plaintiff and the deceased held the relation toward each other of attorney and client.

2. Appellant contends that the court, when charging the jury, erred in reading part of the opinion of the court of appeals of the state of New York in a certain case decided in that court. Reading from the opinion of another court when instructing a jury is, perhaps, not a practice to be commended; but as the part of the decision read in the case at bar appears to be a correct statement of the law, and applicable to the case before the jury, we do not see how the practice in this particular case affords a ground for a reversal of the judgment. All that the court told the jury, before reading the extract from the opinion, was, that "it was a case *somewhat* similar to this."

3. Appellant objects to the charge of the court, because in one place the jury are told that the execution of the note "is just about the only question for you to determine,"—the argument being that this language took away from the jury the question whether or not there

was any consideration for it. But in the next sentence the court says: "The first and principal question for you to determine is, Was this promissory note signed by Louis G. Partridge in his lifetime, and if so, was there any *consideration* for it?" and afterward the question of consideration is fully discussed. The jury, therefore, could not have been misguided in the matter complained of. And we think that the instructions on the subject of consideration were correct.

4. There was no error or abuse of discretion in the court allowing plaintiff to introduce certain testimony after defendant had closed his evidence.

5. Appellant complains of one or two remarks made by the court to counsel during the trial of the cause about the immateriality of certain evidence which *was* admitted; but no exceptions were taken to the remarks at the time they were made, and they are not brought here in any legal way for review. And if we could review them, they are not of sufficient importance to work a reversal of the judgment.

6. Appellant contends that the motion for nonsuit should have been granted, because the note was not due when the action was commenced. The note was made and dated February 19, 1885, and was payable on demand, without interest. The action was brought June 15, 1885, less than six months after date, and the contention of appellant is, that it was not due until six months after date, under certain provisions of the Civil Code.

It has always been the rule that suit may be brought on a note payable on demand at any time without any previous demand,—the suit itself being all the demand necessary. The rule has been occasionally criticised by judges as illogical; but it has been universally followed by courts, and is as well settled as any other rule of law that could possibly be suggested. Counsel contends,

however, that this ancient and well-known rule was intended to be overturned, and was overturned, by section 3135 of the Civil Code, which reads as follows: "The apparent maturity of a promissory note payable at sight or on demand is: 1. If it bears interest one year after date; or 2. If it does not bear interest six months after date." But this section clearly applies to a case where *a demand is necessary;* and a demand is necessary only when it is sought to charge indorsers and others than the principal. Formerly, in order to hold indorsers on paper payable on demand, demand and notice had to be made and given within that very uncertain period called "a reasonable time." Now, section 3135 limits that time to a year or six months (according as the note does or does not bear interest), and after that time there cannot be a demand and notice which will bind an indorser. The article in which the section appears is entitled "presentment for payment"; and the first section (3130) provides that " it is not necessary to make a demand of payment upon the principal debtor in a negotiable instrument in order to *charge him.*" The next section (3131) provides that "presentment of a negotiable instrument for payment, *when necessary,* must be made as follows"; and the following sections, including 3135, deal with the subject of presentment, demand, etc., in the cases of various kinds of negotiable paper, subject, of course, to the qualification "when necessary," and to the said provision of section 3130, that a demand need not be made in order to charge the principal debtor. But these sections were not intended to and do not disturb the rule that the payee of a demand note may maintain an action on it against the maker without any demand other than that made by the suit itself.

7. There are no other points which need to be noticed in detail. We think that the presentation of the claim to the administratrix is sufficiently averred, and that

there were no material errors in the matter of allowing or rejecting evidence.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.