[No. 12308. Department One.—December 12, 1889.]

THOMAS JONES, Appellant, v. JOHN NICHOLL, Respondent.

Negotiable Paper — Demand Note Bearing Interest — Demand — Statute of Limitations. — Suit may be brought against the maker of a promissory note which is payable on demand with interest, at any time, without previous demand, the suit itself being all the demand necessary, as against the principal debtor; and the statute of limitations begins to run when the right of action accrues. Sections 3131 and 3135 of the Civil Code apply only to the presentment for payment of a negotiable instrument which is necessary to charge an indorser, and do not affect the liability of the principal debtor as defined by section 3130 of the Civil Code.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*Chapman & Slack,* for Appellant.

*Flournoy & Mhoon,* for Respondent.

BELCHER, C. C.—On the seventeenth day of January, 1880, the defendant executed to the plaintiff his promissory note for one thousand dollars, payable on demand, with interest at the rate of eight per cent per annum. In the latter part of October or the beginning of November, 1884, plaintiff demanded payment of the note from defendant for the first time, and it not being paid, he commenced this action, on the first day of April, 1885, to recover the amount due thereon.

The defendant pleaded payment, and that the action was barred by the provisions of section 337 of the Code of Civil Procedure.

At the trial the plaintiff was nonsuited, on the ground that his cause of action was barred by the statute of limitations, and he thereupon appealed from the judgment entered against him.

It is argued for appellant that a note payable on demand with interest is a continuing security, and that the statute of limitations does not begin to run against it until demand for its payment has been actually made. The argument is based upon the supposed provisions of our Civil Code. (Sections 3131 et seq.)

The argument is not sound. "It has always been the rule that suit may be brought on a note payable on demand at any time without any previous demand,—the suit itself being all the demand necessary. The rule has been occasionally criticised by judges as illogical; but it has been universally followed by courts, and is as well settled as any other rule of law that could possibly be suggested." (*Cousins* v. *Partridge,* 79 Cal. 228.)

This rule applies to the maker and not the indorser of a note, and it is declared in the Civil Code as follows:—

"Sec. 3130. It is not necessary to make a demand of

payment upon the principal debtor in a negotiable instrument in order to charge him," etc.

It is also a well-settled rule of law that the statute of limitations begins to run when a right of action accrues. This is a general rule, and applies to all actions. (*Brummagim* v. *Tallant*, 29 Cal. 504; 89 Am. Dec. 61, *Bell* v. *Sackett*, 38 Cal. 407; *Collins* v. *Driscoll*, 69 Cal. 552.)

The sections of the code invoked by the appellant apply to the indorser and not to the maker of a note. Section 3131 provides: "Presentment of a negotiable instrument for payment, *when necessary*, must be made as follows," etc. And section 3135 provides for the apparent maturity of notes payable on demand, with or without interest. Prior to the adoption of the codes, the law, as to when notes spoken of in this section must be presented, in order to fix the liability of an indorser, was somewhat uncertain, and the section was intended to remove this uncertainty. It relates, however, only to presentment to charge the indorser, and not to the statute of limitations. (*Machado* v. *Fernandez*, 74 Cal. 362.)

It is clear that the plaintiff's cause of action was barred when he filed his complaint, and the judgment should therefore be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.