[S. F. No. 1010.    Department Two.—March 28, 1898.]

C. F. JENNE, Appellant, v. GEORGE J. BURGER et al., Respondents.

MECHANICS' LIENS—PAYMENT BY NOTE—RECEIPT—FINDING.—In an action to foreclose a lien for materials furnished and used in the construction, alteration, and repair of a dwelling-house, a receipt given by the materialmen expressly stating receipt of "payment by note," is *prima facie*, though not conclusive, evidence of the facts recited, but is sufficient as evidence to sustain a finding that the note was received as payment, and operated to discharge the debt for which the lien was claimed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

William M. Abbott, for Appellant.

Albert M. Armstrong, and G. H. Perry, for Respondents.

THE COURT.—The plaintiff, as assignee of J. W. Schouten & Co., brought this action to foreclose a lien for lumber, of the alleged value of three hundred and fifty dollars, furnished by said Schouten & Co., and used by defendants in the construction, alteration, and repair of a dwelling-house upon a certain lot of land owned by defendants in the city of San Francisco. The complaint stated all the facts necessary to constitute a cause of action and, among other things, that the said indebtedness had not been paid.

The answer admitted all the allegations of the complaint except the one as to nonpayment. This is denied, and alleged that plaintiff and his assignors, long prior to the commencement of the action, accepted and received defendant Burger's promissory note in full payment and satisfaction of the indebtedness sued upon.

Upon the issue thus presented, the court below found in favor of the defendants and gave judgment accordingly, from which and an order denying a new trial the plaintiff appeals.

The appellant contends that the findings were not justified by the evidence, and that the court erred in some of its rulings upon the admission of evidence.

The evidence given at the trial was in substance as follows: J. W. Schouten was called and testified for the plaintiff that he was a member of the firm of J. W. Schouten & Co., the assignors of the plaintiff, and that the three hundred and fifty dollars, for which they filed a claim of lien, had not been paid. Counsel for defendants then produced a statement of the account for lumber furnished by Schouten & Co. to Burger during the month of April, 1896, and amounting to four hundred and eighty-nine dollars and sixty-six cents, on which was indorsed: "Rec'd payment by note due June 17th. J. W. Schouten & Co." The witness then testified that "the items of lumber mentioned in the statement contain the lumber that went into the house, and also the lumber that went into the factory to be manufactured

into furniture," and that the lumber that went into the factory had not been paid for.

Counsel for defendant next produced and offered in evidence five receipts, each reciting that Schouten & Co. had received a certain small sum of money from Burger, and two promissory notes made by Burger to the Usal Redwood Company and indorsed in blank by the payee, one dated June 1, 1896, and marked "Paid August 5, 1896," and the other dated May 25, 1896, and marked "Paid August 3, 1896." As to the money evidenced by the receipts and the first-named note, the witness testified that it was all for cash sales or applied on an open account existing before March 1, 1896, and that both of said notes were paid by Schouten & Co. and not by Burger.

The witness further testified that "it was agreed by Mr. Burger and myself in our office and in the office of the Usal Redwood Company that the notes we received were not in payment, but were only an accommodation," and that "the note mentioned in the statement in evidence fell due on June 17, 1896. That note was not paid by Mr. Burger; we paid it ourselves with the following check:

"San Francisco, June 17, 1896.

"No. 295.         Columbian Banking Company.

"Pay to the order of Geo. J. Burger four hundred and eighty-nine 66-100 dollars ($489.66).

"J. W. SCHOUTEN & CO.

"Pay through S. F. Clearing House No. 12.

"Indorsed: Geo. J. Burger.

"Columbian Banking Company. Paid June 17, 1896."

The above was all the evidence introduced to prove payment of the indebtedness sued for, and the question is, Was it sufficient to justify the finding that such indebtedness was fully paid before the suit was commenced?

The law is well settled that a receipt is prima facie evidence of the facts recited in it, but is not conclusive. A receipt acknowledging payment of a debt, whether in money or some other medium, may be explained or contradicted by parol. (*Hawley v. Bader*, 15 Cal. 45; *Jackson v. Sacramento etc. R. R. Co.*, 23 Cal. 268; 19 Am. & Eng. Ency. of Law, 1115.)

So the law is well settled that the acceptance of a note for an

antecedent debt does not operate to discharge or extinguish the debt unless it is received by express agreement as payment; that in such cases the right of action on the debt is merely suspended until the maturity of the note given, and suit may be brought on the original debt in case of the nonpayment of the accepted note. (*Griffith v. Grogan,* 12 Cal. 317; *Smith v. Owens,* 21 Cal. 11; *Welch v. Allington,* 23 Cal. 322; *Brown v. Olmsted,* 50 Cal. 162; *Comptoir D'Escompte v. Dresbach,* 78 Cal. 15.)

The court found in effect that the note was received as payment, and this finding is supported by the receipt which recites the fact. It may well be contended that this is something more than a mere receipt which may be contradicted by parol evidence, to wit, that it is an agreement in writing to accept the note as payment. But since the only question involved here is whether there is evidence to sustain the finding, and not whether it is in accordance with the weight of evidence, it is sufficient if regarded as an ordinary receipt. To say that a receipt is prima facie proof is to declare that it is sufficient evidence in and by itself to support a finding. It is, in fact, evidence of a very high order, which should prevail unless it is overcome by clear and satisfactory evidence. The receipt, it will be noticed, states not only that the debt has been paid, but that it was paid by note. If this be not evidence that the note was taken as payment, it would be difficult to say what would constitute such evidence.

The other points made depend upon this and need not be discussed.

The judgment is affirmed.