[L. A. No. 3192.  Department One.—December 3, 1913.]

MERCHANTS NATIONAL BANK OF SANTA MONICA (a Corporation), Appellant, v. GEORGE R. BENTEL, Respondent.

PROMISSORY NOTE—LIABILITY OF INDORSER—NECESSITY OF PRESENTMENT AND DEMAND.—Presentment to the maker, accompanied with a demand for payment, is essential to fix the liability of an indorser of a promissory note upon his indorsement.

ID.—DEMAND OF PAYMENT—TIME FOR MAKING.—A demand of payment more than four months after the apparent maturity of a promissory note is too late to be of any effect to charge an indorser upon his indorsement.

ID.—INDORSEMENT OF NOTE—CHANGE BY ORAL AGREEMENT.—An indorsement by the payee of a promissory note is a contract in writing, and its effect is controlled by the law and cannot be changed by the oral agreement of the parties.  Therefore an allegation in a complaint that an indorsement was intended and accepted as a guaranty must be disregarded.

ID.—ACTION ON NOTE—INDORSEMENT OR GUARANTY—SUFFICIENCY OF COMPLAINT—ABSENCE OF ALLEGATIONS AS TO PRESENTMENT.—In an action to recover the balance due on a promissory note, a complaint which alleges the payment of a certain sum thereon and the substitution and delivery of the demand note of a third person, bearing the general indorsement of the defendant, for the remainder, and that the same was intended and accepted as a guaranty of payment, fails to state a cause of action upon the indorsement or the alleged

guaranty, when there is no allegation of presentment to the maker and demand for payment within the time required by law, or allegation that presentment was waived or excused.

ID.—Substitution of Notes—Sufficiency of Complaint as to Original Debt.—Such complaint states a cause of action upon the original debt, since the substitution of the third-party note, if not taken as payment, merely extends the time of payment of the debt until the maturity of such note.

ID.—Payment—Whether Taking of Note Constitutes.—Taking a note, either of the debtor or of a third person, for a prior existing debt, is not payment, unless there is an express agreement to that effect. Upon failure to pay such note, the creditor may ignore it and sue upon the original debt.

ID.—Demand Note—Maturity in One Year—Section 3135 of Civil Code.—Section 3135 of the Civil Code is to be taken as extending the maturity of a note payable on demand only for the purpose of prescribing a time within which the note may be presented in order to fix the liability of the indorser, and does not extend the time of payment or prevent the running of the statute of limitations so far as the action upon the note itself against the maker is concerned.

ID.—Limitation of Actions—Amended Complaint—New Cause of Action.—Where a complaint states a cause of action against the defendant only upon his indorsement of the note of a third person, or upon an alleged guaranty of payment by him, an amended complaint, which is sufficient only upon the theory that it is a suit upon the defendant's note to the plaintiff, states an entirely new cause of action as to which the statute of limitations runs until the filing of the amended complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

H. C. Millsap, for Respondent.

SHAW, J.—The plaintiff appeals from a judgment given against it upon sustaining a demurrer to the complaint.   This is the second appeal in the action.   Upon a former trial judgment was given for the plaintiff, and upon appeal by the defendant, the judgment was reversed and the cause remanded for a new trial.   (See *Merchants Nat. Bank* v. *Bentel,* 15 Cal.

App. 170, [113 Pac. 708].)   The present appeal is from a judgment given after the cause was remanded.

The grounds of demurrer assigned were that the complaint did not state facts sufficient to constitute a cause of action, that the action was barred by section 337 of the Code of Civil Procedure, and that the complaint was uncertain and ambiguous in certain specified particulars.

The facts alleged are as follows: 1. On August 23, 1906, the defendant borrowed of plaintiff five thousand dollars and gave to plaintiff his promissory note of that date, thereby promising to pay said sum to plaintiff one day after said date; 2. "The defendant remained indebted to plaintiff according to the terms" of said note until January 24, 1907.   He then paid the plaintiff one thousand dollars and the interest on said note, leaving due thereon a balance of four thousand dollars.   At the same time he substituted for said note and delivered to plaintiff instead thereof a promissory note of one W. H. Barlow, payable to said defendant on demand with nine per cent interest per annum at Barlow & Bragdon's offices, dated July 8, 1906, for eight thousand dollars, of which four thousand dollars then remained unpaid.   He indorsed this note at the time of the delivery by a general indorsement, merely writing his name on the back thereof; 3. There was at that time no agreement or understanding that the note of Barlow should be accepted in payment of the said indebtedness of the defendant to plaintiff.   It was then understood and agreed that this said indebtedness should continue and that he would pay the same to plaintiff.   His indorsement was intended by him and accepted by plaintiff as and for a guaranty to plaintiff that the Barlow note would be paid in satisfaction of defendant's debt to plaintiff; 4. On November 27, 1907, at the office of Barlow, "plaintiff demanded of said Barlow that he pay said note, and thereafter on the same day notified defendant that said note was not paid and demanded that he pay the same"; and, 5. No part of said sum of four thousand dollars due from defendant to plaintiff has been paid, except the interest up to September 13, 1907.

If the complaint is regarded as an attempt to set forth a cause of action against the defendant upon his indorsement of the Barlow note, it fails to state sufficient facts.   There is nothing to show that presentment for payment was waived

or excused. Such presentment to the maker, accompanied
with a demand for payment, is essential to fix the liability of
the indorser of a promissory note upon his indorsement.
(*Applegarth* v. *Abbott,* 64 Cal. 459, [2 Pac. 43] ; *Kellogg* v.
*Pacific Box Factory,* 57 Cal. 329; *Haber* v. *Brown,* 101 Cal.
451, [36 Pac. 1035] ; *Cousins* v. *Partridge,* 79 Cal. 229, [21 Pac.
745] ; *Jones* v. *Nicholl,* 82 Cal. 32, [22 Pac. 878] ; 7 Cyc. 959;
4 Am. & Eng. Ency. of Law, 352; 2 Daniels on Negotiable In-
struments, sec. 871; 2 Randolph on Commercial Paper, sec.
758.) The complaint avers that payment was demanded of
Barlow but it lacks the allegation that the note was presented
to him at the time of said demand or at all. This is essential
to make a valid presentment. (2 Randolph on Commercial
Paper, sec. 1131.) Furthermore, the only demand alleged
was made more than four months after the apparent ma-
turity of the note, assuming that it became mature, for the
purposes of presentment to charge the indorser, after the ex-
piration of one year from its date, as provided in section 3135
of the Civil Code. This was too late to be of any effect to
charge the indorser upon the indorsement. (*Cousins* v. *Part-
ridge,* 79 Cal. 229, [21 Pac. 745] ; *Jones* v. *Nicholls,* 82 Cal.
32, [22 Pac. 878] ; *Beer* v. *Clifton,* 98 Cal. 326, [33 Pac. 205] ;
*Wallace* v. *Booth,* 6 Cal. App. 201, [91 Pac. 759].) The alle-
gation that the indorsement was intended and accepted as a
guaranty must be disregarded. An indorsement *by the payee*
of a promissory note is a contract in writing and its effect
is controlled by the law and cannot be changed by the oral
agreement of the parties. (*Goldman* v. *Davis,* 23 Cal. 256.)
It follows that the complaint cannot be considered as a state-
ment of a cause of action upon the indorsement, or upon the
alleged guaranty. Upon either theory it fails to state suffi-
cient facts.

The appellant practically concedes this proposition. Its
theory is that the complaint states a cause of action upon the
original debt created by the transaction of borrowing and
lending on August 23, 1906. It is argued on its behalf that
the debt arose upon the implied agreement of the borrower
to repay the money borrowed, that the giving of defendant's
note for the sum borrowed did not extinguish that debt, but
merely extended the time of payment thereof until the ma-
turity of that note, and that the substitution thereafter of

the Barlow note for his own note, it not being taken as payment, did not extinguish the original debt or his own note, but again extended the payment of both to the time of the maturity of the Barlow note.   Upon this theory, counsel say, the facts stated show a cause of action upon the debt of four thousand dollars due from the defendant to plaintiff, and therefore, that the complaint states facts sufficient to constitute a cause of action.   The authorities in this state support the proposition stated.   (*Higgins* v. *Wortell,* 18 Cal. 333; *Griffith* v. *Grogan,* 12 Cal. 322; *Welch* v. *Allington,* 23 Cal. 322; *Brown* v. *Olmsted,* 50 Cal. 165; *Comptoir* v. *Dresbach,* 78 Cal. 21, [20 Pac. 28] ; *Jenne* v. *Burger,* 120 Cal. 446, [52 Pac. 706] ; *London Bank* v. *Parrott,* 125 Cal. 473, [73 Am. St. Rep. 64, 58 Pac. 164].)   The rule is said to be that ''taking a note either of the debtor or of a third person for a prior existing debt is no payment, unless it be expressly agreed to take the note as payment.''   (*Comptoir* v. *Dresbach,* 78 Cal. 21, [20 Pac. 28].)   And the cases hold that upon failure to pay such note, the creditor may ignore it and sue upon the original debt (*Higgins* v. *Wortell,* 18 Cal. 333; *Jenne* v. *Burger,* 120 Cal. 446, [52 Pac. 706]).   Upon the authority of these decisions we should hold that the complaint is sufficient in this respect and states facts sufficient to constitute a cause of action upon the original note.

The complaint cannot be regarded as a statement of a cause of action on the implied contract.   No promise is alleged except that expressed in the original note given when the money was borrowed, nor is the indebtedness alleged in any other manner.   If the complaint is good it is because it states a cause of action upon the note of August 23, 1906, due one day after its date.   The third amended complaint was filed on October 25, 1911.   If that date is taken as the beginning of the action, it is barred by the four years' limitation of section 337 of the Code of Civil Procedure.   The theory of the appellant that the substitution of the Barlow note extended the original time until the maturity of that note and that the latter, being payable on demand and bearing interest, did not mature under section 3135 of the Civil Code, until July 8, 1907, one year after its date, would not prevent this result, since the third amended complaint was filed more than four years after the expiration of that year.   It may be well to

say, however, that the decisions are that section 3135 is to be taken as extending the maturity of such a note only for the purpose of prescribing a time within which the note may be presented in order to fix the liability of the indorser, and that it does not extend the time of payment or prevent the running of the statute of limitations, so far as an action upon the note itself against the maker is concerned. (*Jones* v. *Nicholls,* 82 Cal. 32, [22 Pac. 878]; *Cousins* v. *Partridge,* 79 Cal. 229, 21 Pac. 745]; *Machado* v. *Fernandez,* 74 Cal. 362, [16 Pac. 19].) An examination of the records in the case shows that the former complaint stated nothing more than a cause of action against Bentel upon his indorsement of the Barlow note, or upon an alleged guaranty of payment by him. No mention was made therein of the note executed by him to plaintiff, or of any other debt antecedent to or contemporaneous with the indorsement and guaranty of the Barlow note. As we have seen, the third amended complaint cannot be regarded as stating a cause of action upon that indorsement or upon that guaranty. It is sufficient only upon the theory that it is a suit upon the defendant's note to plaintiff. It therefore states an entirely new cause of action different from that embraced in the former pleading and the action thereon must be deemed to have been commenced on October 25, 1911, the date the last amended complaint was filed. (*Campbell* v. *Campbell,* 133 Cal. 33, [65 Pac. 134]; *Lambert* v. *McKenzie,* 135 Cal. 100, [67 Pac. 6].) The period of limitation began to run on August 24, 1906, or at the latest on January 24, 1907, the day the Barlow note was substituted, and it continued to run until October 25, 1911, a period of more than four years, before the suit upon the present cause of action was begun. It is therefore barred and the demurrer was properly sustained.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.