[L. A. No. 4756.   Department One.—February 8, 1919.]

MARY J. NICHOLS, Respondent, v. AUGUSTUS A. F. ASBECK et al., Appellants.

PROMISSORY NOTES—PRESENTMENT—SECTIONS 3130, 3131, CIVIL CODE.—There is no necessary connection between sections 3130 and 3131 of the Civil Code, the latter dealing only with presentment "when necessary," and presentment is not necessary to charge a maker of a note, while section 3130 et seq. applies only to the indorser.

ID.—ABILITY AND WILLINGNESS TO PAY AT PARTICULAR PLACE—INSUFFICIENT FINDING.—Where a promissory note was made payable "at San Diego, California," and it was found that the maker prior to maturity of the note deposited with a certain firm in said city a sufficient sum to pay the note at maturity, in the absence of a finding that the maker resided with the firm with which the money was deposited or had his place of business there, the finding is insufficient to show ability and willingness to pay the note at the specified place, even if section 3130 of the Civil Code applies to the case.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Albert J. Lee, for Appellants.

Crouch & Chambers, for Respondent.

SLOSS, J.—Action to foreclose a mortgage of real property given by the defendant Asbeck to secure the payment of a promissory note for four hundred dollars, dated May 18, 1910, and payable one year after date.   By the note the maker promised to pay to the order of Mary J. Nichols, the plaintiff, "at San Diego, California, $400, with interest at the rate of twelve per cent per annum from date until paid."   Subsequent to the making of the note and mortgage, the mortgagor conveyed the property to I. Isaac Irwin.

The note was not paid, and in May, 1915, this action was commenced against Asbeck and Irwin to foreclose the mortgage.   The court gave judgment of foreclosure for the amount of the note, together with interest at the agreed rate, attor-

neys' fees as specified in the note, and costs. The appeal is on the judgment-roll alone. Among the findings is one that the note was never presented to the defendant Asbeck for payment, nor has any demand for payment ever been made upon him; that prior to the maturity of the note said Asbeck "deposited with the firm of Irwin and Company, in the City of San Diego, a sum of money sufficient to pay the principal and interest on said note at the date of maturity; that said deposit was made for the purpose of having said funds on hand at the date of maturity of said note, and that the defendant Augustus A. F. Asbeck was able and willing to pay said note at the date of maturity in the city of San Diego, State of California."

The sole point made by the appellants is that the failure of presentment, coupled with the other facts found, affords an answer to any demand for interest from the date of maturity, damages, and costs. Section 3130 of the Civil Code (as it read at the time of the transactions here in question), after declaring that demand of payment need not be made upon the principal debtor in a negotiable instrument in order to charge him, went on to say: "But if the instrument is by its terms payable at a specified place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to an offer of payment upon his part." The note in question was made payable "at San Diego, California." The succeeding section, 3131, provided that presentment for payment, when necessary, must be made as follows:

"3. An instrument which specifies a place for its payment must be presented there; and if the place specified includes more than one house, then at the place of residence, or business, of the principal debtor, if it can be found therein."

The argument of the appellants is that the latter provision must be read into the note, and that the "place of payment" specified in the instrument was, therefore, the place of residence or business of the maker. There is no necessary connection between sections 3130 and 3131. The latter deals only with presentment "when necessary," and presentment is not necessary to charge the maker of a note. Section 3131 et seq. applies only to the indorser. (*Jones* v. *Nicholl*, 82 Cal. 32, 34, [22 Pac. 878].) But if we accept the view of appellants, it would seem to follow that they can claim the advantages of the provision of section 3130 only by showing ability and will-

ingness to pay the note at maturity at the specified place, i. e., at the maker's place of business or residence in the city of San Diego. But the finding relied upon does not show this. The court found that money to pay the note was deposited with the firm of Irwin and Company in the city of San Diego, and there is no finding that the maker resided with the firm of Irwin and Company, or had his place of business there. The general concluding statement that the defendant Asbeck was able and willing to pay the note at maturity in the city of San Diego must be read in connection with the preceding specific language. The whole finding, construed, as it should be, so as to support the judgment, means simply that the maker was able and willing to pay the note by means of the deposit which he had made with the firm of Irwin and Company in the city of San Diego. If, therefore, the note is to be taken as specifying as the place of payment the place of business or residence of the maker in the city named, the findings fail to show an ability and willingness to pay at either place.

We do not feel called upon to decide whether a note made payable in a given city is payable at a specified place, within the meaning of section 3130. This inquiry is the more unnecessary, since the Civil Code provisions on the subject have now been superseded and altered by the enactment, as new sections, of the uniform "Negotiable Instruments Law." (Stats. 1917, p. 1531.)

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.