[Civ. No. 7079. Second Appellate District, Division One.—February 10, 1932.]

HARRY D. TROUT et al., Respondents, v. BERTHA N. LANE et al., Defendants; CLAUDE J. POWELL et al., Appellants.

Wilbert C. Hamilton, Milton H. Silverberg and Max M. Gilford for Appellants.

J. George Ohannesian for Respondents.

HOUSER, J.—The pertinent facts herein appear to be that defendant Lane executed and delivered to her co-defendants C. J. Powell and Odessa J. Powell (whose married name is now Odessa J. Brown) a promissory note which by its terms was made payable in installments and was secured by a trust deed on certain real property. Some time after its execution said promissory note was assigned by the payees thereof to plaintiffs by an indorsement on said note in the following words:

"For value received we do hereby transfer and assign to Harry D. Trout and Abbie D. Trout, as joint tenants, the within note, together with all rights accrued or to accrue under the Deed of Trust securing the same so far as the same relate to this note, with recourse on us."

Several of the installments on the promissory note were not paid either when due or at all. Thereupon, in order to protect the security for said note—the plaintiffs theretofore having been compelled to lay out certain moneys for taxes, etc., on the said property—in accordance with the authority provided by the terms of the trust deed, for the purpose of

procuring payment to themselves of the principal and interest of said note and the said outlay of money by them, at the instance of plaintiffs the trustee named in said deed of trust regularly proceeded to and did sell said property. However, on such sale the property failed to bring money sufficient to meet the total amount owing to plaintiffs, with the result that an action was brought by plaintiffs against defendants for the purpose of recovering a judgment against them for the deficiency represented by the difference between the total debt owing to plaintiffs and the amount realized from the sale of the property. From a judgment rendered in favor of plaintiffs, defendants Powell appeal to this court.

It is urged by appellants that for the reason that the complaint in the action contained no allegation in substance that at a seasonable statutory time the indorsers of the promissory note were notified of the nonpayment of each of the several installments of the promissory note, etc., no cause of action against said indorsers was stated in said complaint, and consequently, as against said indorsers, the judgment should be reversed.

The complaint in the action discloses no allegation in regard to the subject of said objection interposed by defendants. In that connection, no claim is made by respondents either that the promissory note was non-negotiable, or that the indorsers thereon were not entitled to "notice of dishonor", etc., as provided by statute. That in the absence of allegations to which appellants refer the complaint was insufficient as against the indorsers of the promissory note in question, see 19 Cal. Jur., p. 982 et seq.; also, sec. 3170, Civ. Code; *Reeves* v. *Howe*, 16 Cal. 152; *Lightstone* v. *Laurencel*, 4 Cal. 277; *Merchants' Nat. Bank* v. *Bentel*, 166 Cal. 473, 475 [137 Pac. 25]; *Gartler* v. *First Nat. Bank of San Pedro*, 88 Cal. App. 411, 414 [263 Pac. 566].

However, notwithstanding the said defect in the complaint as far as the indorsers of the note were concerned, neither within the answer of the defendants, nor on the trial of the action was any defense or objection interposed by either of the defendants on account of such infirmity. Nor not until appellants filed herein their "amended and supplemental opening brief" did either of them even suggest

the point that because the complaint contained no allegation regarding "notice of dishonor" to defendants no cause of action against them had been stated. That such a defense was clearly an "afterthought" is made manifest by the fact that on the trial of the action, over the objection of plaintiffs, *defendants* insisted on bringing out on cross-examination of one of the plaintiffs the details of their repeated "notices of dishonor" to each of the defendants. On the other hand, only on *plaintiffs'* cross-examination of one of the defendants was it denied that plaintiffs had ever said anything to him "about the payments not being kept up". In addition thereto, at the trial defendants repeatedly admitted, and throughout their briefs on appeal appellants again admit, their liability as indorsers on the note in question for the sum of $1,049.71, which sum apparently is conceded by respondents to be the correct computation of unpaid principal and accrued interest on said note up to the date of rendition of judgment in the trial court. Considering such conditions, it becomes evident that the defect in the complaint of which appellants now complain was not only waived by them on trial of the action, but that, even though the point is now urged on appeal, its force is likewise waived by reason of the admission by appellants of their liability. It follows that, however potent the point might have been had it been properly and timely presented, without waiver of its effect, the situation as here presented effectually precludes the defendants from taking advantage of the infirmity of the complaint. (2 Cal. Jur. 242, sec. 71; 1928 Supp., p. 90; 1930 Supp., p. 46.)

Concerning the effect which the assignment of the promissory note had on the rights of the assignee to reimbursement from the indorsers of the note for whatever outlays of money were necessary to protect the property secured in the deed of trust, by the terms of the assignment it appears that it covers "all rights accrued or to accrue under the deed of trust . . . as far as the same relate to this note". Appellants do not contend that any of the moneys paid by the plaintiffs were not authorized to be expended by the provisions of the deed of trust—the sole question being as to whether "the same relate to this note". From an examination of the deed of trust it appears that, as stated therein, its purpose was twofold: "First, payment of the

indebtedness evidenced by the promissory note . . . ; second, payment . . . of every obligation, covenant, promise, or agreement herein contained.'' It clearly appears that for the latter "purpose", the various expenditures were made by plaintiffs for which they seek reimbursement from defendants. On the other hand, it does not appear that any rights already accrued, or which thereafter were to accrue, under the deed of trust, either directly or indirectly, related to the promissory note. The so-called rights which in fact arose out of various expenditures for taxes and other like matters related not to the promissory note, but directly affected the property which was described in the deed of trust and which was security for the payment of the promissory note. It follows that defendants' indorsement of the note had the effect of guaranteeing its payment only, and that the said indorsement carried no assumption of liability for expenses incurred by the holder of the note in protecting its security.

It is ordered that the judgment herein be and it is modified so that, as against the appellants, it will be for the sum of $1,049.71 only. As thus modified, the judgment is affirmed.

Conrey, P. J., and York, J., concurred.