[Civ. No. 8168. Second Appellate District, Division One.—November 26, 1934.]

REBECCA HARRIS, Appellant, v. CHARLES F. HILLAND et al., Respondents.

Elijah M. Smuckler for Appellant.

Bicksler, Smith, Parke & Catlin for Respondents.

HOUSER, J.—From the record herein it appears that an action was brought by plaintiff against defendant to recover judgment against the latter on account of his indorsement of a promissory note that was secured by a deed of trust. The complaint contained no allegation with respect to the presentment of the note on its maturity to the makers thereof, nor any demand from them that they pay the amount due on said note.

On the hearing of the action, among the findings of fact made by the trial court were the following:

" . . . that said promissory note was not presented to the makers thereof for payment on date of maturity, or at any time thereafter and no notice of dishonor or nonpayment by the makers of said note was given at any time to the defendant Charles F. Hilland. That the said defendant, Charles F. Hilland, did not waive presentment for payment or notice of dishonor."

From a judgment rendered in favor of defendant, the plaintiff has appealed to this court.

By her brief appellant declares that "the question involved on this appeal is—what acts on the part of an endorser constitute a waiver of presentment for payment in order to charge and fix the liability of the endorsers"?

In 19 California Jurisprudence, page 983, it is stated that it is the rule that in an action against an indorser the complaint must allege presentment to the principal debtor within the requisite time in accordance with the provisions of the code, and a demand for payment; and several authorities are cited in substantiation of the rule there announced, especially *Merchants Nat. Bank* v. *Bentel,* 166 Cal. 473, 476 [137 Pac. 25]. It therefore follows that because of the failure of plaintiff to allege and to prove the essential facts relative to a presentment of the note on its maturity to the makers thereof, and a demand upon them that they pay the same, the trial court was authorized to make the finding of fact to which attention hereinbefore has been directed; and which is conclusive against plaintiff's alleged cause of action.

With reference to the particular point urged by appellant, in substance that the evidence was insufficient to support that part of the findings of fact to the effect that defendant ''did not waive presentment for payment or notice of dishonor'', at the outset it need only be said that no waiver by defendant was pleaded by plaintiff in her complaint; moreover, that although certain evidence was presented by plaintiff from which a waiver of defendant might have been implied,—contrary evidence in that regard was adduced by defendants. Since the trial court was the exclusive judge of the facts of the case, its finding thereon cannot be disturbed by this tribunal.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.