COWART, Judge,
dissenting:
Appellees Solares and Del Valle had a joint checking account with appellant bank. Solares owed Del Valle $20,000. Del Valle needed the funds to buy a house in Orlando. Solares did not have funds to pay Del Valle but they were expected to be received momentarily. As part of the down payment on her house in Orlando, Del Valle wrote a check for $16,050 on the joint account. When the check reached the bank there was $689 in the account. A bank officer, Suarez, called Del Valle and asked for a deposit of funds. Del Valle deposited an out-of-town check for $18,000 and the bank paid her $16,050 check. Del Valle’s $18,000 check was twice dishonored. The bank officer again called Del Valle and to evidence her indebtedness to the bank she executed a very short term promissory note dated March 4, 1982, for $18,000. Del Valle did not pay the note when due. The *508 bank officer contacted Solares about the indebtedness and Solares executed an $18,-000 note dated May 10, 1982, to evidence the same indebtedness and to replace Del Valle’s defaulted note. Solares did not pay her note and the bank sued Solares and Del Valle for a money judgment and for the adjudication of an equitable lien against Del Valle’s house. The trial court granted the bank a judgment against Solares but denied the bank a judgment against Del Valle and denied an equitable lien on Del Valle’s house. The bank appeals.
Many of the facts contested at trial were legally immaterial to a property decision in this case. These are: Solares and Del Valle were childhood friends from prominent founding families in old Cuba. So-lares was an important simultaneous interpreter who worked for the federal government, foreign countries and others in the U.S.A., Mexico, Columbia, Brazil, Argentina and Venezuela. The bank officer, Suarez, was overly impressed by, and sympathetic and trustful of, Solares and Del Valle and made a mistake of judgment in crediting the joint account with Del Valle’s uncleared check for $18,000 and clearing Del Valle’s check for $16,050. It was also immaterial whether the funds expected to be received from the Venezuelan government by the parties to cover Del Valle’s $16,050 check were $32,000 due Solares for past services as an interpretor or $20,000 to be received by Solares and Del Valle to build a Venezuelan pavilion at EPCOT. It was also immaterial that Solares’ mother and two children lived in Del Valle’s Orlando house and Solares made some mortgage payments on it and that Solares was eager to acknowledge her personal obligation to the bank for the bank’s money that Del Valle received and used to buy her house.
Here there was no tripartite novation agreement wherein the bank agreed to release its legal right to enforce Del Valle’s obligation and its right to an equitable lien against her home in exchange for Solares’ unsecured obligation. There was but one debt in this case and it resulted from the bank originally paying Del Valle’s $16,050 check and crediting the joint account with the proceeds of Del Valle s check for $18,-000, which was later dishonored. Del Valle’s note merely evidenced that debt. While it was a technical mistake for the bank officer to replace Del Valle’s note with Solares’ note in order to get Del Valle’s note off of the bank’s delinquent list, rather than merely having Solares endorse or otherwise guarantee Del Valle’s existing defaulted note, nevertheless, in the absence of an express novation agreement, Solares’ subsequent note should be considered to be collateral security for Del Valle’s existing indebtedness and when So-lares’ note was dishonored, the bank should be entitled to recover from Del Valle on the original debt. See Annot. “Renewal note as discharging original obligation or indebtedness,” 52 ALR 1416 (1928), and, cited therein, Merchant’s Nat. Bank. v. Bentel, 166 Cal. 473, 137 Pac. 25 (1913).
Without question the bank’s money was part of the purchase price of Del Valle’s home and the bank is entitled to an equitable lien against it. The trial court’s denial of an equitable lien should be reversed because here the owner of the property (Del Valle) will be unjustly enriched at the expense of the bank unless the bank is given a security interest against the property bought with the bank’s money. Out of a general consideration of right and justice, as applied to the relations of the parties and the circumstances of their dealings in this case, equity should imply and impose an equitable lien in favor of the bank and against Del Valle’s property. See Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925); In Re Estate of Mundell, 459 So.2d 358 (Fla. 5th DCA 1984), rev. denied, Cowan v. Sanders, 467 So.2d 999 (Fla.1985); Dewing v. Nelson & Company, 117 So.2d 744 (Fla. 2d DCA 1960). This case should be reversed.